Piyush V. PATEL, M.D., Appellant,

v.

Evelyn HARMON, Appellee.

No. 11–06–00094–CV.

Court of Appeals of Texas, Eastland.

Nov. 9, 2006.

Max E. Wright, Jill C. Pennington, Marcia J. Denny, Wright & Jackson, P.C., Midland, for appellant.

H. Thomas Hirsch, Phillip Godwin, Phillip Godwin & Associates, P.C., Odessa, for appellee.

Panel consists of: WRIGHT, C.J., and STRANGE, J., and McCLOUD, S.J.*

## OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

This is an appeal from the trial court's denial of a motion to dismiss a medical malpractice claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp. 2006). In his motion to dismiss,[1] Piyush V. Patel, M.D. requested that the health care liability claim against him be dismissed based upon an inadequate expert report and that he be awarded court costs and reasonable attorney's fees. The trial court denied Dr. Patel's motion, and Dr. Patel filed this interlocutory appeal pursuant to TEX. CIV. PRAC. & REM.CODE ANN.

§ 51.014(a)(9) (Vernon Supp.2006). We reverse.

■ In his sole issue on appeal, Dr. Patel contends that the trial court abused its discretion by failing to dismiss the claim and award him attorney's fees and costs. Dr. Patel challenges the adequacy of the expert report, not its timeliness. Section 74.351 provides the statutory requirements for expert reports in health care liability claims. Section 74.351(a) requires that a claimant timely serve the opposing parties with "one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." If an expert report is not timely served, then the trial court, upon motion of the affected physician or health care provider, "shall" dismiss the claim with prejudice and award reasonable attorney's fees and costs of court to the physician or health care provider. Section 74.351(b). Pursuant to Section 74.351(*l*), a motion challenging the adequacy of an expert report may only be granted "if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report." An expert report is defined as:

[A] written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. We note that this was Dr. Patel's second motion to dismiss and was based upon an amended expert report. The trial court had previously determined that the original expert report was deficient and, pursuant to Section 74.351(c), had given Harmon a 30–day extension to cure the deficiency.

and the injury, harm, or damages claimed.

Section 74.351(r)(6).

 A trial court's ruling on a motion to dismiss a health care liability claim is reviewed for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877–78 (Tex. 2001); *Kendrick v. Garcia,* 171 S.W.3d 698, 702–03 (Tex.App.-Eastland 2005, pet. denied) (applying the abuse of discretion standard from *Palacios,* which dealt with a former health care liability statute, to the denial of a motion to dismiss under Section 74.351). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). In determining whether an expert report constitutes a good-faith attempt to comply with the statute, a trial court is limited to a review of the four corners of the report. *Palacios,* 46 S.W.3d at 878.

The record shows that the claimant, Evelyn Harmon, served Dr. Patel with the expert report and curriculum vitae of Dr. Paul W. Dlabal. The report at issue in this case discusses the medical care received by Harmon from various health care providers. The only mention of Dr. Patel is as follows:

> The care provided to Evelyn Harmon by Dr. P.V. Patel at Midland Memorial Hospital is outside applicable standards for patients presenting with symptoms and signs as exhibited by Ms. Harmon due to the failure to obtain an adequately detailed history, failure to perform an adequate number of EKGs, failure to perform appropriate laboratory studies, including cardiac enzymes, failure to provide appropriate medication for the considerations applicable to this case,

> and failure to recommend further evaluation or appropriate timely follow-up.
>
> . . . .
>
> The failure of Dr. P.V. Patel to obtain an adequately detailed history, failure to perform an adequate number of EKGs, failure to perform appropriate laboratory studies, including cardiac enzymes, failure to provide appropriate medication for the considerations applicable to this case, and failure to recommend further evaluation or appropriate timely follow-up caused the unnecessary surgery [a coronary stent implantation which, according to the expert report, was performed by another physician] on Evelyn Harmon.... Dr. Patel's breach, or failure, to obtain an adequately detailed history, failure to perform an adequate number of EKGs, failure to perform appropriate laboratory studies, including cardiac enzymes, failure to provide appropriate medication for the considerations applicable to the case, and failure to recommend further evaluation or appropriate timely follow-up has caused Evelyn Harmon to be at continued risk of further complications, additional costs for hospitalizations, and additional medical costs.

 We hold the expert report did not constitute a good-faith effort to comply with Section 74.351's requirements for an expert report. To constitute a good-faith effort, the report must provide enough information to inform the defendant of the specific conduct called into question and to provide a basis for the trial court to conclude that the claim has merit. *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002); *Palacios,* 46 S.W.3d at 879. Dr. Dlabal's report failed in both respects. It did not show that Dr. Patel rendered any care to Harmon or how the care, if any, rendered by Dr. Patel failed to meet the applicable standard of care. Further-

more, the report did not show a causal relationship between Dr. Patel's conduct and the injury, harm, or damages claimed. *See, e.g., Hardy v. Marsh,* 170 S.W.3d 865, 870 (Tex.App.-Texarkana 2005, no pet.). It appears that Dr. Dlabal is of the opinion that Harmon underwent an unnecessary surgery, a coronary stent implantation, performed by Dr. Faiz–Rehman. Dr. Dlabal's report does not show a connection between Dr. Patel and the surgery; nor does it show that Dr. Patel caused any injury, harm, or damages to Harmon. Thus, the expert report is inadequate as to Dr. Patel. Because Harmon did not serve Dr. Patel with an expert report constituting a good-faith effort to comply with Section 74.351, the trial court abused its discretion in denying Dr. Patel's motion to dismiss. The sole issue on appeal is sustained.

We reverse the trial court's order denying the motion to dismiss, and we render judgment dismissing with prejudice Harmon's claims against Dr. Patel. We remand the cause to the trial court for the determination of reasonable attorney's fees and costs of court to be awarded to Dr. Patel under Section 74.351(b).