In re Mario PADILLA, M.D., Relator.

No. 08–06–00239–CV.

Court of Appeals of Texas,
El Paso.

Aug. 30, 2007.

See also 242 S.W.3d 544.

Larry W. Hicks, Hicks & Lucky, P.C., El Paso, TX, for Relator.

L. Cullen Moore, Rymer, Moore, Jackson & Echols, P.C., Houston, Robert Dinsmoor, Ray, Valdez, McChristian & Jeans, Walter L. Boyaki, Miranda & Boyaki, El Paso, TX, for Interested Parties.

Before CHEW, C.J., McCLURE, and BARAJAS, C.J. (Ret.).

## OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

In this original proceeding, Dr. Mario Padilla seeks a writ of mandamus challenging the denial of his motion to dismiss a medical malpractice proceeding. He further complains that the trial court erred in granting a 30–day extension of time for Anita Loweree to cure deficiencies in her expert report. We deny relief.[1]

## FACTUAL SUMMARY

Loweree filed a medical malpractice suit against Paso Del Norte Surgery Center and Drs. Mario Padilla and Efrain Rivera. She alleged the defendants were negligent in positioning her body during a surgical procedure which resulted in permanent neurologic damage in her right upper extremity. Dr. Padilla performed the surgery while Dr. Rivera provided anaesthesia services.

Loweree timely filed an expert report and *curriculum vitae* from Dr. John M.H. Allen. Dr. Padilla timely objected and challenged the adequacy of the report, contending it was inadequate because Dr. Allen was not qualified as an expert on the standard of care or causation, and his assertions regarding the standard of care, breach, and causation were inadequate. Dr. Padilla sought dismissal of the suit and an award of attorney's fees and costs in accordance with the Texas Medical Liability Act. Loweree countered that the report was an objective good faith effort to comply with Section 74.351($l$). In the alternative, she sought a 30–day extension of time to cure any deficiencies. The trial court concluded that although the elements of the report were deficient, the report represented an objective good faith effort to comply with the statutory definition of an expert report. The court also granted Loweree's request for a 30–day extension to cure the deficiencies and denied Dr. Padilla's requests for dismissal, fees, and costs.

---

1. Dr. Padilla has also filed an interlocutory appeal regarding these same. The interlocutory appeal has been consolidated with this original proceeding for purposes of briefing and oral argument. In an opinion issued this same date, we have dismissed Dr. Padilla's interlocutory appeal for lack of jurisdiction. *See Padilla, M.D. v. Loweree,* 242 S.W.3d 544 (Tex.App.-El Paso, 2007, no pet. h.).

## AVAILABILITY OF MANDAMUS RELIEF

Dr. Padilla complains that the trial court abused its discretion in granting Loweree a 30–day extension to cure her deficient expert report. He contends that he is entitled to mandamus relief because he does not have an adequate remedy at law via interlocutory appeal since the trial court granted the extension of time. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(9)(Vernon Supp.2006)

### *Clear abuse of discretion*

■ Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992, orig.proceeding). An appellate court rarely interferes with a trial court's exercise of discretion. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). We may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839–40. The relator must establish that the trial court could reasonably have reached only one decision. Id. at 840. Even if we would have decided the issue differently, we cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. Id. With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker*, 827 S.W.2d at 840.

### *No adequate remedy by appeal*

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker*, 827 S.W.2d at 840, *quoting State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker*, 827 S.W.2d at 840, *quoting Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989).

## TEXAS MEDICAL LIABILITY ACT

A claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or party's attorney one or more expert reports, with a *curriculum vitae* of each expert listed in the report, for each physician or health care provider against whom a liability claim is asserted. *See* Tex.Civ.Prac. & Rem.Code Ann. § 74.351(a)(Vernon 2005).[2] If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

---

**2.** Loweree's lawsuit was filed before the effective date of the 2005 amendment to Section

74.351(a). *See* Tex.Civ.Prac. & Rem.Code Ann. § 74.351 (Vernon Supp.2006).

(2) dismiss the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim. Tex.Civ.Prac. & Rem.Code Ann. § 74.351(b)(Vernon Supp.2006). If an expert report has not been timely served because elements of the report are deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency. Tex.Civ.Prac. & Rem.Code Ann. § 74.351(c).

A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6). Tex.Civ.Prac. & Rem.Code Ann. § 74.351 (*l*). An expert report is defined as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Tex.Civ. Prac. & Rem.Code Ann. § 74.351(r)(6). A defendant may pursue an interlocutory appeal from an order that denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not taken from an order granting an extension under Section 74.351. *See* Tex. Civ.Prac. & Rem.Code Ann. § 51.014(a)(9).

■■■■ Upon finding that the timely served expert report is deficient, the trial court may grant the claimant one 30–day extension in order to cure the deficiency. *See Thoyakulathu v. Brennan*, 192 S.W.3d 849, 853 (Tex.App.-Texarkana 2006, no pet.)(subsection (c) extension is available only when a timely-served report does not meet the statutory definition of expert report because it has one or more deficien-cies in its contents). Although Dr. Padilla contends the expert report contains wholesale omissions of the required elements, the trial court determined that the report was deficient and not fatally defective. Whether an expert report is deficient falls squarely within the trial court's discretion and we may not substitute our judgment or disturb the trial court's ruling absent a showing that it was arbitrary or unreasonable. *Walker*, 827 S.W.2d at 839–40. Because Dr. Padilla has not demonstrated the trial court acted arbitrarily or unreasonably, its decision to grant a 30–day extension was not a clear abuse of discretion. *See In re Covenant Health System*, 223 S.W.3d 423, 425 (Tex.App.-Amarillo 2006, no pet. h.)(trial court's granting of 30–day extension was not a clear abuse of discretion); *Watkins v. Jones*, 192 S.W.3d 672, 673–75 (Tex.App.-Corpus Christi 2006, no pet.)(no clear abuse of discretion was shown when the trial court granted claimant 30–day extension to cure deficiency).

■■■■ Nor has Dr. Padilla established he lacks an adequate remedy at law. Once the cured report is timely served, Dr. Padilla may once again file a motion to dismiss under Section 74.351(b). If the trial court determines the cured report is no longer deficient, Dr. Padilla may pursue an interlocutory appeal. If the trial court determines the cured report remains deficient, Loweree's claims would be subject to dismissal with prejudice. *See e.g. Patel v. Harmon*, 213 S.W.3d 449, 450 n. 1 (Tex. App.-Eastland 2006, no pet.h.); *In re Covenant*, 223 S.W.3d at 425 (defendant was not entitled to mandamus relief because he had an adequate remedy at law by filing a second motion to dismiss; further if the defendant obtains a favorable ruling the case would be subject to dismissal with prejudice). Because Dr. Padilla has not

demonstrated he is entitled to relief, we deny his petition for writ of mandamus.

BARAJAS, C.J. (Ret.), sitting by assignment.