**Mario PADILLA, M.D., Appellant,**

v.

**Anita LOWEREE, Appellee.**

**No. 08–06–00191–CV.**

Court of Appeals of Texas, El Paso.

Aug. 30, 2007.

See also 242 S.W.3d 549.

Larry W. Hicks, Hicks & Lucky, P.C., El Paso, TX, for Appellant.

Walter L. Boyaki, Miranda & Boyaki, El Paso, TX, for Appellee.

Before CHEW, C.J., McCLURE, and BARAJAS, C.J. (Ret.).*

## OPINION

ANN CRAWFORD McCLURE, Justice.

Dr. Mario Padilla brings this interlocutory appeal challenging the denial of his

545

motion to dismiss a medical malpractice proceeding. He further complains that the trial court erred in granting a 30–day extension of time for Anita Loweree to cure deficiencies in her expert report. We dismiss the appeal for want of jurisdiction.[1]

## FACTUAL SUMMARY

Loweree filed a medical malpractice suit against Paso Del Norte Surgery Center and Drs. Mario Padilla and Efrain Rivera. She alleged the defendants were negligent in positioning her body during a surgical procedure which resulted in permanent neurologic damage in her right upper extremity. Dr. Padilla performed the surgery while Dr. Rivera provided anaesthesia services.

Loweree timely filed an expert report and *curriculum vitae* from Dr. John M.H. Allen. Dr. Padilla timely objected and challenged the adequacy of the report, contending it was inadequate because Dr. Allen was not qualified as an expert on the standard of care or causation, and his assertions regarding the standard of care, breach, and causation were inadequate. Dr. Padilla sought dismissal of the suit and an award of attorney's fees and costs in accordance with the Texas Medical Liability Act. Loweree countered that the report was an objective good faith effort to comply with Section 74.351($l$). In the alternative, she sought a 30–day extension of time to cure any deficiencies. The trial court concluded that although the elements of the report were deficient, the report represented an objective good faith effort to comply with the statutory definition of an

---

* Barajas, C.J. (Ret.), sitting by assignment

1. Dr. Padilla has also filed an original petition for writ of mandamus based upon the same allegations. The mandamus proceeding has been consolidated with this appeal for purposes of briefing and oral argument. By opinion issued this same date, we have denied mandamus relief. *See In re: Mario Padilla, M.D.,* 242 S.W.3d 549 (Tex.App.-El Paso, 2007, no pet. h.).

expert report. The court also granted Loweree's request for a 30–day extension to cure the deficiencies and denied Dr. Padilla's requests for dismissal, fees, and costs.

## FRAMING THE ISSUE

We must decide the limits of a trial court's discretion in granting an extension of time to cure deficiencies. Dr. Padilla argues the trial court should have dismissed the suit because Dr. Allen's report is so fatally flawed that it cannot be cured. He also maintains the report was not an objective good faith effort to comply with the statute because it:

- fails to identify Dr. Padilla;
- is premised upon the "captain of the ship" doctrine, which Texas has rejected as a theory of liability;
- fails to explain how or why Dr. Allen is qualified to render an expert opinion on the standard of care;
- fails to enunciate the standard of care;
- does not adequately explain the causal nexus between the alleged breach and Loweree's injury;
- does not explain the injury;
- equivocated on when and how the injury arose; and
- was conclusory since it failed to explain how Dr. Padilla caused the injury.

## SECTION 74.351

A claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or party's attorney one or more expert reports, with a *curriculum vitae* of each expert listed in the report, for each physician or health care provider against whom a liability claim is asserted. *See* Tex.Civ.Prac. &

Rem.Code Ann. § 74.351(a)(Vernon 2005).[2] If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismiss the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

Tex.Civ.Prac. & Rem.Code Ann. § 74.351(b)(Vernon Supp.2006). If an expert report has not been timely served because elements of the report are deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency. Tex.Civ.Prac. & Rem.Code Ann. § 74.351(c).

A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6). Tex.Civ.Prac. & Rem.Code Ann. § 74.351 (*l*). An expert report is defined as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Tex.Civ. Prac. & Rem.Code Ann. § 74.351(r)(6). A defendant may pursue an interlocutory ap-

---

**2.** Loweree's lawsuit was filed before the effective date of the 2005 amendment to Section 74.351(a). *See* Tex.Civ.Prac. & Rem.Code Ann. § 74.351 (Vernon Supp.2006).

peal from an order that denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not taken from an order granting an extension under Section 74.351. *See* Tex. Civ.Prac. & Rem.Code Ann. § 51.014(a)(9).

## JURISDICTION

At the outset, we must determine whether we have jurisdiction. Dr. Padilla contends jurisdiction is conferred by virtue of Section 51.014(a)(9). In support of this contention, he directs us to *Thoyakulathu v. Brennan*, 192 S.W.3d 849 (Tex.App.-Texarkana 2006, no pet.) and *Soberon v. Robinson*, No. 09-06-067-CV, 2006 WL 1781623 (Tex.App.-Beaumont, June 29, 2006, pet. denied)(mem.op.).

In *Brennan*, the plaintiff timely *filed* an expert report but failed to *serve* it upon the defendants. 192 S.W.3d at 850. The trial court denied the defendants' motion to dismiss and allowed Brennan a 30-day extension to serve the report. *Id.* The trial court issued two orders, one granting the extension and the other denying the motion to dismiss. *Id.* at 851. The court of appeals reviewed only the order denying dismissal. *Id.* at 851. It limited the issue on appeal to deciding whether the trial court was required to dismiss Brennan's claims against the appellants, in effect determining whether the trial court lacked the authority to do anything else, including granting an extension. *Id.* Via footnote,

the court explained that a jurisdictional question arose since the defendants also challenged the 30-day extension. *Id.* at 852 n. 2. "Inevitably, however, our holding that the trial court erred in denying Appellants' motion to dismiss affects the trial court's order granting the extension. This consequence is consistent with and unavoidable under the structure of the statute." *Id.*

Brennan conceded he failed to timely serve the reports. *Id.* at 853. The court then analyzed mandatory dismissal, concluding that subsection (b) requires mandatory dismissal *only* if subsection (c) does *not* apply. *Id.* Because a subsection (c) extension was unavailable to Brennan, the trial court could not grant an extension and consequently was bound by the mandatory dismissal provision. Id. at 854. A similar result occurred in *Soberon*, where the report was filed on the 121st day. *Soberon*, 2006 WL 1781623 at *1.

There are two circumstances in which an expert report may be deemed unserved: (1) the expert report is not served within 120 days of the date the claim was filed;[3] or (2) although the expert report was timely served, it was deficient.[4] Both *Brennan* and *Soberon* were premised upon untimely service. The trial courts there erroneously granted 30-day extensions which were impermissible because the reports were not deficient.[5] The defendants could pur-

---

**3.** Tex.Civ.Prac. & Rem.Code Ann. § 74.351(a)(Vernon 2005); *id.* at § 74.351(b)(Vernon Supp.2006).

**4.** Tex.Civ.Prac. & Rem.Code Ann. § 74.351(c)(Vernon Supp.2006).

**5.** Other courts of appeals have exercised jurisdiction where the plaintiff untimely served the defendant and the trial court erroneously granted an extension of time. *Valley Baptist Medical Center v. Azua*, 198 S.W.3d 810, 815–16 (Tex.App.-Corpus Christi 2006, no pet.)(trial court abused its discretion in denying mo-

tion to dismiss because plaintiff failed to serve the defendant with an expert report within the 120-day deadline and subsection (c) extension was inapplicable since plaintiff did not serve a deficient report, but instead served no report at all); *Emeritus Corp. & HB-ESC v. LP v. Highsmith*, 211 S.W.3d 321, 326 (Tex.App.-San Antonio 2006, pet. denied)(appellate court had jurisdiction under Section 51.014(a)(9) because plaintiff failed to serve an expert report within 120 days after the claim was filed and the trial court's granting of a thirty-day extension could not have

sue interlocutory appeals since the trial courts did not have the authority to grant extensions of time. Here, Loweree timely served Dr. Padilla with the expert report.

Having determined the report was deficient, the trial court below exercised its authority under Section 74.351(c) and granted Loweree a 30–day extension to cure the deficiencies. We thus conclude that we lack jurisdiction to entertain Dr. Padilla's interlocutory appeal. *See id.* § 51.014(a)(9); *see Heart Hosp. of Austin v. Matthews*, 212 S.W.3d 331 (Tex.App.-Austin 2006, pet. granted)(an interlocutory appeal from the denial of a motion to dismiss under subsection 74.351(b) is proper only if the trial court's order does not also grant an extension under subsection 74.351(c)); *see also Emeritus Corp. & HB–ESC V LP v. Highsmith*, 211 S.W.3d 321, 326 (Tex.App.-San Antonio 2006, pet. denied)(unless the order also grants an extension of time, an order denying a motion to dismiss is subject to an interlocutory appeal); *Academy of Oriental Medicine, L.L.C. v. Andra*, 173 S.W.3d 184, 188 n. 7 (Tex.App.-Austin 2005, no pet.)(an interlocutory appeal is only available when the court denies a motion to dismiss but has not granted the plaintiff additional time to cure deficiencies).[6] For these reasons, we dismiss the appeal for want of jurisdiction.[7]

been an order granting an extension under Section 74.351; therefore, the trial court abused its discretion in denying the motion to dismiss since the plaintiff failed to timely serve an expert report).

6. The Supreme Court has granted the petition for review in *Heart Hospital of Austin v. Matthews*, 212 S.W.3d 331 (Tex.App.-Austin 2006, pet. granted). Although we agree with the general proposition of *Heart*, we do not expressly follow its holding due to factual distinctions. For example, in Petitioner's Brief filed with the Supreme Court, Dr. Ogletree alleged the trial court granted a 30–day extension to cure the deficiencies but also stated the deficiencies could be cured by a new report from a different expert. Dr. Ogletree also claimed the plaintiffs admitted the timely filed expert reports were deficient and failed to comply with the statutory requirements. The expert report presented here, as found by the trial court, attempted to comply with the statutory requirement but was deficient. Dr. Allen's report provided the following statements on breach, causation, and standard of care:

The standard of care for surgeons, anesthesiologists, anesthetists and nurses who position anesthetized patients includes but is not limited to positioning, padding and supporting them in such a way that their limbs are not subjected to pressure or traction injuries to nervous tissue such as Mrs. Loweree suffered. While all those who participate in positioning a patient are responsible for their own acts, ultimate responsibility for positioning lies with the patient's surgeon.

\* \* \*

Based on review of records it is my opinion that Anita Loweree's treatment fell below the standard of care by allowing pressure or traction on her brachial plexus to occur and continue until she suffered the plexopathy documented as quoted above, either as a result of inadequate care by those who positioned her while she was anesthetized, for which those who positioned her and, ultimately, the surgeon are responsible, or as a result of inadequate monitoring during recovery, which is the responsibility of nursing staff monitoring her; and that as a result she suffered a brachial plexus injury.

7. Dr. Padilla also complains of evidentiary error. Since we lack jurisdiction, we are unable to consider these evidentiary challenges.