In re TENET HOSPITALS, LTD., A Texas Limited Partnership d/b/a Sierra Medical Center, Relator.

No. 08–07–00018–CV.

Court of Appeals of Texas, El Paso.

Jan. 24, 2008.

See also, 276 S.W.3d 9.

Yvonne K. Puig, Fulbright & Jaworski L.L.P., Austin, TX, for Relator.

David S. Jeans, Ray, Valdez, McChristian & Jeans, John Mundie, Miranda & Boyaki, El Paso, TX, Robert G. Smith Jr., Lorance & Thompson, PC, Houston, TX, for Interested Parties.

Before McCLURE, GOMEZ, JJ., and BARAJAS, C.J. (Ret.).

## OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

This is a medical malpractice case in which the trial court denied the hospital's motion to dismiss and granted the plaintiffs a thirty-day extension of time to cure deficient expert reports. The hospital has also filed an interlocutory appeal based upon the same allegations. This mandamus action was brought as a precautionary remedy in the event we determined no interlocutory appeal was available. The causes have been consolidated for purposes of briefing and oral argument. In an opinion issued this same date, we have dismissed Sierra's interlocutory appeal for lack of jurisdiction. *See Tenet Hospital, Ltd., a Texas Limited Partnership d/b/a Sierra Medical Center v. Gomez*, 276 S.W.3d 13 (Tex.App.-El Paso, 2008, no pet. h.). For the reasons that follow, we also conclude that mandamus relief is inappropriate.

### FACTUAL SUMMARY

On November 7, 2003, 38–year–old Lorenzo Gomez was conducting tactical exercises when he felt dizzy, developed a headache, had muscle cramps, became nauseous, and began vomiting. He was taken by ambulance to the emergency room of Sierra Medical Center where he was initially examined and treated by Dr. Sergio Ibarra. Dr. Baker was consulted and he admitted Lorenzo to the hospital. Lorenzo was not evaluated by a physician until 6:35 a.m. the next morning. At that time, a nurse found him unresponsive and not breathing. A "Code Blue" was called, but resuscitation efforts were unsuccessful and Lorenzo was pronounced dead. An autopsy revealed the cause of death to be acute tubular necrosis of the kidneys due to rhabdomyolysis.[1]

On October 31, 2005, Christina Gomez, individually and as the personal representative of the other plaintiffs, filed suit against Tenet Hospitals, Ltd., a Texas Limited Partnership d/b/a Sierra Medical Center ("Sierra"), Dr. Ronald Baker, and Dr. Sergio Ibarra. She timely served Sierra with the expert reports and *curriculum vitae* of Barton W. Butterbaugh, M.D., James Bradley, M.D., and Lennie Medina, R.N.

Sierra timely filed Chapter 74 objections to the sufficiency of the Bradley and Butterbaugh reports as well as a motion to dismiss. It filed a separate objection to the qualifications of Nurse Medina and the sufficiency of her report. In response, Gomez argued that the three reports constituted an objective good faith effort to comply with Section 74.351 and she requested a thirty-day extension if the trial court determined the reports were deficient.

Following a hearing, the trial court denied Sierra's objections and its motion to dismiss. By separate order, the court found elements of the reports deficient and granted a thirty-day extension to cure deficiencies.

### CLEAR ABUSE OF DISCRETION

Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law.

---

1. Dr. Bradley defined rhabdomyolysis as "a clinical and laboratory syndrome resulting in skeletal muscle injury with release of cell contents into the plasma." Dr. Ibarra defined rhabdomyolysis as a syndrome associated with the destruction of skeletal muscle tissue (from traumatic injury, excessive exertion, heat-stroke) that is accompanied by the release of muscle cell contents (myoglobin and potassium) into the bloodstream. The release of these products can result in hypovolemia, hyperkalemia, and acute renal failure.

*Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992, orig. proceeding); *In re Padilla,* 242 S.W.3d 549 (Tex.App.-El Paso 2007, no pet.). An appellate court rarely interferes with a trial court's exercise of discretion. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)(orig. proceeding); *Padilla,* 242 S.W.3d at 550. We may not substitute our judgment for that of the trial court, and the relator must establish that the trial court could reasonably have reached only one decision. *Walker,* 827 S.W.2d at 839–40; *Padilla,* 242 S.W3d at 550. Even if we would have decided the issue differently, we cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* A trial court has no discretion in determining what the law is or applying the law to the facts. *Padilla,* 242 S.W.3d at 550. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840; *Padilla,* 242 S.W.3d at 550.

## ADEQUATE REMEDY BY APPEAL

■ If another remedy-usually appeal-is available and adequate, an appellate court will deny mandamus relief. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig. proceeding); *Padilla,* 242 S.W.3d at 551. Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, *quoting State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984); *Padilla,* 242 S.W.3d at 551. Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Padilla,* 242 S.W.3d at 551 . The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker,* 827 S.W.2d at 840, *quoting Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989); *Padilla,* 242 S.W.3d at 551.

In a healthcare liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with *curriculum vitae* of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. TEX.CIV.PRAC. & REM.CODE ANN. § 74.351(a)(Vernon Supp.2007).

If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX.CIV.PRAC. & REM.CODE ANN. § 74.351(b). If an expert report has not been timely served because elements of the report are deficient, the court may grant one thirty-day extension to the claimant in order to cure the deficiency. TEX.CIV.PRAC. & REM. CODE ANN. § 74.351(c).

An expert report is defined as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX.CIV.PRAC. & REM.CODE ANN.

§ 74.351(r)(6). A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6). TEX.CIV.PRAC. & REM. CODE ANN. § 74.351(*l* ). A defendant may pursue an interlocutory appeal from an order that denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9)(Vernon Supp.2007).

 A trial court, upon finding that timely served expert reports are deficient, may grant a claimant one thirty-day extension to cure the deficiencies. *Padilla,* 242 S.W.3d at 552. Although Sierra contends it was served with *no* expert report because neither Dr. Butterbaugh nor Dr. Bradley's reports address Sierra, and Nurse Medina's report cannot address the issue of causation, the trial court determined the three reports provided were deficient. Whether an expert report is deficient falls squarely within the trial court's discretion, and we may not substitute our judgment or disturb the trial court's ruling absent a showing that it was arbitrary or unreasonable. *Walker,* 827 S.W.2d at 839–40; *Padilla,* 242 S.W.3d at 552. Here, Sierra has not demonstrated the trial court clearly abused its discretion. *Padilla,* 242 S.W.3d at 552.

 Sierra also complains it lacks an adequate remedy by appeal because it cannot appeal the trial court's order granting Gomez a thirty-day extension. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(9). But Sierra has an adequate remedy at law-after the cured report is timely served, Sierra may then file another motion to dismiss under Section 74.351(b). *Padilla,* 242 S.W.3d at 552. If the trial court determines the cured report is no longer deficient, Sierra may then pursue an interlocutory appeal. *Id.* If the trial court determines the cured report remains deficient, then Gomez's claims would be subject to dismissal with prejudice. *Id.*

We believe this conclusion is consistent with the Supreme Court's recent decision in *Ogletree and Heart Hospital of Austin v. Matthews,* 262 S.W.3d 316 (Tex.2007). The issue there was the availability of an interlocutory appeal when a trial court both denies a motion to dismiss and grants the plaintiff a thirty-day extension to cure expert reports that although served timely, were deficient. In concluding that an interlocutory appeal was unavailable, the court explained that "health care providers face only a minimal delay before a report's sufficiency may again be challenged and the case dismissed, if warranted." *Id.* 262 S.W.3d at 321. Because there is an adequate remedy by way of appeal, we deny relief.

GOMEZ, J., sitting by assignment.

BARAJAS, C.J. (Ret.), sitting by assignment.