COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







IN RE: TENET HOSPITALS, LTD., 

A TEXAS LIMITED PARTNERSHIP
D/B/A SIERRA MEDICAL CENTER,



 Relator.
 §


 


§


 


§


 


§


 


§


 


 § 



 No. 08-07-00018-CV



 AN ORIGINAL PROCEEDING

 IN MANDAMUS





OPINION ON PETITION FOR WRIT OF MANDAMUS



 This is a medical malpractice case in which the trial court denied the hospital's motion to
dismiss and granted the plaintiffs a thirty-day extension of time to cure deficient expert reports. The
hospital has also filed an interlocutory appeal based upon the same allegations. This mandamus
action was brought as a precautionary remedy in the event we determined no interlocutory appeal
was available. The causes have been consolidated for purposes of briefing and oral argument. In
an opinion issued this same date, we have dismissed Sierra's interlocutory appeal for lack of
jurisdiction. See Tenet Hospitals, Ltd., a Texas Limited Partnership d/b/a Sierra Medical Center
v. Gomez, No. 08-07-00003-CV, (Tex.App.--El Paso, Jan. 24, 2008, no pet. h.). For the reasons that
follow, we also conclude that mandamus relief is inappropriate.

FACTUAL SUMMARY


 On November 7, 2003, 38-year-old Lorenzo Gomez was conducting tactical exercises when
he felt dizzy, developed a headache, had muscle cramps, became nauseous, and began vomiting.  He
was taken by ambulance to the emergency room of Sierra Medical Center where he was initially
examined and treated by Dr. Sergio Ibarra. Dr. Baker was consulted and he admitted Lorenzo to the
hospital. Lorenzo was not evaluated by a physician until 6:35 a.m. the next morning. At that time,
a nurse found him unresponsive and not breathing. A "Code Blue" was called, but resuscitation
efforts were unsuccessful and Lorenzo was pronounced dead. An autopsy revealed the cause of
death to be acute tubular necrosis of the kidneys due to rhabdomyolysis. (1)

 On October 31, 2005, Christina Gomez, individually and as the personal representative of
the other plaintiffs, filed suit against Tenet Hospitals, Ltd., a Texas Limited Partnership d/b/a Sierra
Medical Center ("Sierra"), Dr. Ronald Baker, and Dr. Sergio Ibarra.  She timely served Sierra with
the expert reports and curriculum vitae of Barton W. Butterbaugh, M.D., James Bradley, M.D., and
Lennie Medina, R.N.

 Sierra timely filed Chapter 74 objections to the sufficiency of the Bradley and Butterbaugh
reports as well as a motion to dismiss. It filed a separate objection to the qualifications of Nurse
Medina and the sufficiency of her report. In response, Gomez argued that the three reports
constituted an objective good faith effort to comply with Section 74.351 and she requested a thirty-day extension if the trial court determined the reports were deficient.

 Following a hearing, the trial court denied Sierra's objections and its motion to dismiss. By
separate order, the court found elements of the reports deficient and granted a thirty-day extension
to cure deficiencies.

CLEAR ABUSE OF DISCRETION


 Mandamus will issue only to correct a clear abuse of discretion when there is no other
adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992, orig. proceeding); In
re Padilla, ---- S.W.3d ----, 2007 WL 2456885 at *1 (Tex.App.--El Paso 2007, no pet.). An
appellate court rarely interferes with a trial court's exercise of discretion. See Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding); Padilla, 2007 WL 2456885
at *1. We may not substitute our judgment for that of the trial court, and the relator must establish
that the trial court could reasonably have reached only one decision. Walker, 827 S.W.2d at 839-40;
Padilla, 2007 WL 2456885 at *1. Even if we would have decided the issue differently, we cannot
disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. Id. A trial court
has no discretion in determining what the law is or applying the law to the facts. Padilla, 2007 WL
2456885 at *1. Thus, a clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. Walker,
827 S.W.2d at 840; Padilla, 2007 WL 2456885 at *1.

ADEQUATE REMEDY BY APPEAL


 If another remedy--usually appeal--is available and adequate, an appellate court will deny
mandamus relief. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding); Padilla, 2007 WL 2456885 at *2. Mandamus will not issue where there is "a clear and
adequate remedy at law, such as a normal appeal." Walker, 827 S.W.2d at 840, quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984); Padilla, 2007 WL 2456885 at *2. Mandamus is intended
to be an extraordinary remedy, available only in limited circumstances. Padilla, 2007 WL 2456885
at *2. The writ will issue "only in situations involving manifest and urgent necessity and not for
grievances that may be addressed by other remedies." Walker, 827 S.W.2d at 840, quoting Holloway
v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989); Padilla, 2007 WL 2456885 at *2.

 In a healthcare liability claim, a claimant shall, not later than the 120th day after the date the
original petition was filed, serve on each party or the party's attorney one or more expert reports,
with curriculum vitae of each expert listed in the report for each physician or health care provider
against whom a liability claim is asserted. Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (a)(Vernon
Supp. 2007).

 If, as to a defendant physician or health care provider, an expert report has not been served
within the period specified by subsection (a), the court, on the motion of the affected physician or
health care provider, shall, subject to subsection (c), enter an order that:

 (1) awards to the affected physician or health care provider reasonable attorney's
fees and costs of court incurred by the physician or health care provider; and


 (2) dismisses the claim with respect to the physician or health care provider, with
prejudice to the refiling of the claim.


Tex.Civ.Prac.&Rem.Code Ann. § 74.351(b). If an expert report has not been timely served
because elements of the report are deficient, the court may grant one thirty-day extension to the
claimant in order to cure the deficiency. Tex.Civ.Prac.&Rem.Code Ann. § 74.351(c).

 An expert report is defined as "a written report by an expert that provides a fair summary of
the expert's opinions as of the date of the report regarding applicable standards of care, the manner
in which the care rendered by the physician or health care provider failed to meet the standards, and
the causal relationship between that failure and the injury, harm, or damages claimed."
Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (r)(6). A court shall grant a motion challenging the
adequacy of an expert report only if it appears to the court, after hearing, that the report does not
represent an objective good faith effort to comply with the definition of an expert report in
Subsection (r)(6). Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (l). A defendant may pursue an
interlocutory appeal from an order that denies all or part of the relief sought by a motion under
Section 74.351(b), except that an appeal may not be taken from an order granting an extension under
Section 74.351. See Tex.Civ.Prac.&Rem.Code Ann. § 51.014 (a)(9)(Vernon Supp. 2007).

 A trial court, upon finding that timely served expert reports are deficient, may grant a
claimant one thirty-day extension to cure the deficiencies. Padilla, 2007 WL 2456885 at *3. 
Although Sierra contends it was served with no expert report because neither Dr. Butterbaugh nor
Dr. Bradley's reports address Sierra, and Nurse Medina's report cannot address the issue of
causation, the trial court determined the three reports provided were deficient. Whether an expert
report is deficient falls squarely within the trial court's discretion, and we may not substitute our
judgment or disturb the trial court's ruling absent a showing that it was arbitrary or unreasonable. 
Walker, 827 S.W.3d at 839-40; Padilla, 2007 WL 2456885 at *3. Here, Sierra has not demonstrated
the trial court clearly abused its discretion. Padilla, 2007 WL 2456885 at *3. 
 Sierra also complains it lacks an adequate remedy by appeal because it cannot appeal the
trial court's order granting Gomez a thirty-day extension. See Tex.Civ.Prac.&Rem.Code Ann.
§ 51.014 (a)(9). But Sierra has an adequate remedy at law--after the cured report is timely served,
Sierra may then file another motion to dismiss under Section 74.351(b). Padilla, 2007 WL 2456885
at *3. If the trial court determines the cured report is no longer deficient, Sierra may then pursue an
interlocutory appeal. Id. If the trial court determines the cured report remains deficient, then
Gomez's claims would be subject to dismissal with prejudice. Id. 

 We believe this conclusion is consistent with the Supreme Court's recent decision in
Ogeltree and Heart Hospital of Austin v. Matthews, ---- S.W.3d ----, 2007 WL 4216606 (Tex.
Nov. 30, 2007). The issue there was the availability of an interlocutory appeal when a trial court
both denies a motion to dismiss and grants the plaintiff a thirty-day extension to cure expert reports
that although served timely, were deficient. In concluding that an interlocutory appeal was
unavailable, the court explained that "health care providers face only a minimal delay before a
report's sufficiency may again be challenged and the case dismissed, if warranted." Id. at *4. 
Because there is an adequate remedy by way of appeal, we deny relief.



January 24, 2008 

 ANN CRAWFORD McCLURE, Justice


Before McClure, Gomez, JJ., and Barajas, C.J. (Ret.)

Gomez, J., sitting by assignment

Barajas, C.J. (Ret.), sitting by assignment
1. Dr. Bradley defined rhabdomyolysis as "a clinical and laboratory syndrome resulting in skeletal muscle injury
with release of cell contents into the plasma." Dr. Ibarra defined rhabdomyolysis as a syndrome associated with the
destruction of skeletal muscle tissue (from traumatic injury, excessive exertion, heat-stroke) that is accompanied by the
release of muscle cell contents (myoglobin and potassium) into the bloodstream. The release of these products can result
in hypovolemia, hyperkalemia, and acute renal failure.