COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| IN RE: | § | No. 08-20-00085-CV |
|  | § |  |
| MARK T. DAVIS, | § | AN ORIGINAL PROCEEDING |
|  | § | IN MANDAMUS |
| Relator | § |  |
|  | § |  |

## MEMORANDUM OPINION

Relator Mark T. Davis has filed a mandamus/prohibition petition against the Honorable Selena Solis, judge of the 243rd District Court of El Paso County related to a real estate lawsuit pending in that court.

In seven issues that can be grouped into four categories of complaints, Davis contends that (1) two temporary restraining orders and (2) a temporary injunction that Judge Solis entered more than a year prior to this mandamus petition, along with (3) "all other orders" Judge Solis issued in this lawsuit (including (4) an order setting the matter for trial) are void because a federal district court had exclusive jurisdiction over a land dispute controversy that forms the heart of the pending state court lawsuit.

We will deny this petition. The controversy related to the TROs has been moot for more

than a year; Relator could have filed an interlocutory appeal of the temporary injunction order but did not, which precludes mandamus relief as to that order; the controversy related to the impending trial setting is moot because the order setting the matter for trial was rescinded while this mandamus action was pending; Relator cannot obtain prospective prohibition relief against Judge Solis because no coordinate appellate matter is pending before this Court; and Relator has failed to identify any other specific order aggrieving him as required by Rule 52.

## BACKGROUND

Davis asserts that he held a lien on an apartment complex located at 4015 and 4029 Broaddus Avenue, El Paso, Texas 77904 (the Subject Property) that was subject to criminal forfeiture proceedings in the United States District Court for the Western District of Texas in the criminal case styled *Adan Reyes v. United States*, EP-15-CR-1946-FM. Adan Reyes had owned the Subject Property, which was subject to a deed of trust. In 2015, Reyes was indicted on federal drug and money laundering charges, and the United States Government sought forfeiture of the Subject Property. According to findings made by a federal district court in the forfeiture proceedings, Reyes allegedly defaulted on mortgage obligations for the Subject Property following his arrest, and Davis purchased the note on the Subject Property from the original note-holder after Reyes' default but prior to the eventual sale of the Subject Property at a forfeiture sale, while forfeiture proceedings were ongoing in federal district court.

On May 2, 2017, United States District Judge Frank Montalvo issued an order authorizing the United States Government to sell the Subject Property and retain the proceeds of the sale as substitute res, provided it paid all expenses including any expenses owed to valid lien holders. Thereafter, on May 31, 2017, Davis filed a petition to adjudicate an interest in the real property with the federal district court, asserting that he was entitled to enforce the deed of trust lien he

2

purportedly held on the Subject Property.

On September 10, 2018, Judge Montalvo denied Davis' petition of interest and denied Davis' motion for summary judgment, issuing a thirty-two-page memorandum opinion finding that "the Subject Property vested in the United States pursuant to 21 U.S.C. § 853(a)," that the United States Government's interest in the Subject Property was superior to Davis' interest in the property because the Government's interest predated Davis' interest under the relation-back doctrine, and that Davis could not avail himself of the bona fide purchaser-without-notice safe harbor because at the time he took his interest in the Subject Property, criminal proceedings were ongoing and the Government had already filed a lis pendens in El Paso County records indicating its intent to seek forfeiture of the Subject Property, meaning that Davis took his interest in the Subject Property knowing it was potentially subject to criminal forfeiture proceedings.

Following Judge Montalvo's ruling, real party in interest Reyesbilt purchased the Subject Property from the United States Government by special warranty deed on December 26, 2018. Reyesbilt later filed suit in state court against Davis on February 28, 2019, in order to quiet title to the Subject Property and obtain injunctive and declaratory relief after Davis served a notice of acceleration and foreclosure and scheduled a non-judicial foreclosure on the lien he purportedly held on the Subject Property for March 5, 2019. The suit was docketed as Cause No. 2019DCV0748 in the 243rd District Court.

On March 4, 2019, the day before the attempted foreclosure sale, Judge Selena Solis of the 243rd District Court issued a temporary restraining order preventing the sale of the Subject Property. On March 15, 2019, Judge Solis issued a second TRO for another fourteen days. On March 29, 2019, Judge Solis granted a temporary injunction prohibiting Davis from foreclosing on the Subject Property. Davis did not take an interlocutory appeal from Judge Solis' temporary

injunction decision. *See* TEX.CIV.PRAC. REM.CODE ANN. § 51.014(a)(4)(authorizing interlocutory appeals of temporary injunction decisions).

Meanwhile, in June 2019, the United States Government and Davis entered into a settlement agreement in which the Government paid Davis $263,208.70 in exchange for release of his claims related to the lien on the Subject Property. The settlement agreement was ratified by Judge Montalvo in federal court on July 1, 2019, and the Government paid Davis the agreed-upon amount about seventy-five days later.

Back in state court, Davis, who was the defendant in the Reyesbilt suit, filed a plea to the jurisdiction on August 28, 2019, asserting that Judge Solis lacked subject-matter jurisdiction over the Reyesbilt lawsuit because Judge Montalvo's September 10, 2018, order was an unappealable pretrial order, meaning that proceedings in the federal court were not yet final, the federal court had exclusive jurisdiction over the controversy, and Judge Solis could take no action. Judge Solis denied the plea to the jurisdiction on October 10, 2019.[1] The next day, Davis filed a motion to dismiss the Reyesbilt lawsuit as moot, arguing that there was no longer a live controversy regarding the validity of the promissory note he held because he and the Government had executed a release of Davis' interest in the property. There is no discussion in the record as to how Judge Solis ruled as to that motion. Then, on November 20, 2019, Davis filed a first amended counterclaim against Reyesbilt for wrongful injunction, tortious interference, and abuse of process.

Judge Solis set trial for Reyesbilt's application for a permanent injunction for May 29, 2020. Davis filed this mandamus action prior to the date of trial, but he did not move for temporary relief pending resolution of this mandamus action. While this mandamus action was pending, Judge Solis cancelled the May 29, 2020, trial setting. It does not appear that the trial setting has

---

[1] Davis did not file a mandamus action challenging Judge Solis' decision on his plea to the jurisdiction..

been reset.

## DISCUSSION

Davis raises seven points in his mandamus petition, which as we noted previously can broadly be grouped into four categories of complaints. All Davis' complaints are rooted in the premise that the 243rd District Court did not have jurisdiction to enter any orders in the Reyesbilt lawsuit because parallel forfeiture proceedings related to the Subject Property were allegedly pending in federal district court, and Davis asserts the parallel proceedings in federal court stripped the state courts of any jurisdiction to act in the Reyesbilt lawsuit.

Both the relator and real party in interest in their pleadings address the merits of the underlying dispute in their mandamus pleadings. We will refrain from engaging in a merits discussion of the underlying lawsuit in the trial court because Davis has not shown he meets the threshold standards for obtaining mandamus relief from this Court.

### *Mandamus Standard*

To be entitled to mandamus relief, a relator generally must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id*. at 135-36.

### *Analysis*

#### *Category #1 Complaints: Temporary Restraining Orders*

In Issue One, Davis complains that the two TROs restraining him from foreclosing on the Subject Property signed on March 4, 2019 and March 15, 2019, respectively, were void ab initio because the federal district court had original, exclusive jurisdiction over the deed of trust lien controversy at that time Judge Solis issued the TROs. However, complaints related to these TROs

are moot.

TROs may last a maximum of fourteen days, *see* TEX.R.CIV.P. 680, meaning that these two TROs issued in March 2019 expired by their own terms long before Davis filed his mandamus action with this Court on March 19, 2020. In short, the TRO controversy had been moot for almost a year prior to our receipt of this mandamus petition. We lack jurisdiction to address this aspect of the controversy because the TROs have expired. *See In re Sierra Club*, 420 S.W.3d 153, 156-57 (Tex.App.—El Paso 2012, orig. proceeding)(mandamus petition challenging TRO is mooted when TRO expires by its own terms).

Issue One is overruled on mootness grounds.

*Category #2 Complaints: Temporary Injunction Order*

In Issue Two, Davis asserts that Judge Solis' grant of a temporary injunction on March 29, 2019, was invalid because, again, the federal district court had original, exclusive jurisdiction over the controversy at that time she entered the injunction.

Mandamus may be used to attack a void order. *See In re Oates*, 104 S.W.3d 571, 575 (Tex.App.--El Paso 2003, orig. proceeding). However, a writ of mandamus in the court of appeals is an extraordinary remedy that may only be granted where there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Here, mandamus is the improper vehicle to challenge the temporary injunction grant's propriety because Davis had an adequate remedy by appeal. Specifically, the primary interlocutory appeals statute permits interlocutory appeals from the grant or denial of a temporary injunction. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(4). Where interlocutory appeal is available as an avenue of relief, mandamus relief is precluded. *See In re Tenet Hosps., Ltd.*, 276 S.W.3d 13, 17 (Tex.App.—El Paso 2008, orig. proceeding)(denying mandamus because litigant had adequate remedy by interlocutory appeal

6

statute).

Davis had twenty days from the entry of the temporary injunction order to file an accelerated interlocutory appeal with this Court. *See* TEX.R.APP.P. 26.1(b). He did not do so. Davis does not address this issue in his petition or otherwise explain why the otherwise adequate remedy of a timely interlocutory appeal would be inadequate such that the invocation of the extraordinary remedy of mandamus more than a year later is appropriate. Absent that explanation, he cannot show that he is entitled to mandamus relief from the temporary injunction order.

Issue Two is overruled.

*Category #3 Complaints: Jury Trial Setting on Permanent Injunction (Moot)*

In Issues Four and Five, Davis maintains that it was improper for Judge Solis to schedule a jury trial for May 29, 2020, on the permanent injunction issue because the 243rd District Court lacked subject-matter jurisdiction due to the ongoing federal court proceedings. In Issue Seven, Davis continues with a variation on this theme by stating that even if Judge Solis had jurisdiction at the inception of the case, Davis' settlement with the Government and his subsequent renouncement of the lien on the Subject Property mooted the lawsuit between him and Reyesbilt, meaning that all proceedings taking place thereafter, including specifically Judge Solis' issuance of an order setting this matter for trial, were done without subject-matter jurisdiction.

However, as Reyesbilt points out in its response, the controversy regarding the trial scheduling order has become moot in this Court. The trial set for May 29, 2020, was cancelled and has not apparently been reset. Because the action Judge Solis took that was subject to this mandamus petition has been vacated, the controversy surrounding that order is moot and mandamus relief is inappropriate.

Additionally, to the extent Davis is asking for a prospective writ of *prohibition* against

7

Judge Solis restraining her from taking any future actions in this case, we lack jurisdiction to issue a writ of prohibition against Judge Solis under the circumstances. A writ of prohibition operates like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *In re Krieger*, No. 08-17-00246-CV, 2017 WL 6032316, at *1 (Tex.App.—El Paso Dec. 6, 2017, orig. proceeding)(mem. op.). The writ is used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of this Court's orders and judgments. *Id*. We have no jurisdiction to issue a writ of prohibition requiring the trial court to refrain from performing a future act unless we have actual jurisdiction over a pending proceeding. *Id*. Here, there is no pending appeal related to this case pending in this Court, so we are without jurisdiction to issue a writ of prohibition against Judge Solis.

Issues Four, Five, and Seven are overruled.

*Category #4: "All Other Orders"*

In Issues Three and Six, Davis asks this Court to rule that all orders entered by Judge Solis in the Reyesbilt lawsuit are void because federal court forfeiture proceedings are or were still ongoing. However, other than those orders we have previously identified in this opinion, Davis does not identify any additionally specific orders that Judge Solis entered that allegedly aggrieve him.

The record for the mandamus petition only contains the two moot TROs, the temporary injunction order that could have been appealed but was not, and an order setting this matter for trial, which has since been rescinded. Apart from these orders, it is unclear what if any other orders the trial court entered that Davis is attempting to assail, as no other orders are included in the mandamus appendix. *See* TEX.R.APP.P. 52.3(k)(1)(A)(copy of order being challenged must be included in the appendix).

8

The burden is on Davis as relator to show he is entitled to mandamus relief from Judge Solis' order. Without identifying any specific orders in Issues Three and Six separate and apart from those acts identified in other issues which are not cognizable on mandamus review for the reasons stated above, and by failing to attach any other orders in the appendix directing this Court's attention to specific instances of Judge Solis' conduct that Davis finds objectionable, Davis cannot establish that he is entitled to mandamus relief.

Issues Three and Six are overruled.

## CONCLUSION

Issues One, Four, and Five present nonjusticiable or moot controversies. Issue Two represents a matter that could have been raised in a timely interlocutory appeal, but that was not, and Davis provided no explanation for why no interlocutory appeal was taken. As such, Davis cannot show he is entitled to the extraordinary remedy of mandamus. Finally, Issues Three and Six do not identify any other specific orders that aggrieve Davis as required by Rule 52. As such, those issues must be overruled.

These procedural rulings resolve the entirety of the seven issues Davis raises in his petition. Davis' petition for a writ of mandamus is denied.


August 26, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

9