NO. 07-05-0462-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 1, 2006

_____

IN RE COVENANT HEALTH SYSTEM, RELATOR

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**OPINION ON PETITION FOR WRIT OF MANDAMUS**

Relator Covenant Health System seeks a writ of mandamus to compel the Honorable Sam Medina, Judge of the 237th District Court of Lubbock County, to dismiss Mary Borchardt's medical negligence claim pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code. We deny the request for mandamus relief.

Borchardt filed suit against Covenant and filed two expert reports and curriculum vitae pursuant to section 74.351(a) of the Code. One report was by a doctor specializing in family medicine and the other from a legal nurse consultant. Covenant filed a motion to

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

dismiss Borchardt's suit contending she had failed to satisfy the expert reporting requirements of the statute. Borchardt filed a response asserting the expert reports were adequate to satisfy the statute and, alternatively, filed a request for a 30-day extension pursuant to section 74.351(c) should the court find the reports were deficient. Following a hearing, the trial court signed an order denying Covenant's motion to dismiss and granting Borchardt a 30-day extension to cure deficiencies in previously filed expert reports and to file an additional expert report from a neurosurgeon.

Covenant contends the trial court abused its discretion in failing to dismiss Borchardt's suit because there was no good faith effort to serve an expert report that satisfied section 74.351(r)(6). Absence of a good faith effort, Covenant argues, required dismissal with prejudice, and the granting of a 30-day extension was a "clear abuse of discretion, warranting issuance of a writ of mandamus." Borchardt responds that a decision to grant a 30-day extension is not subject to review by mandamus.

**Standard of Review**

Mandamus, as distinguished from an ordinary appeal, is an extraordinary remedy available only in limited circumstances where the trial court violates a duty imposed by law or clearly abuses its discretion and when there is no other adequate remedy at law. CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996); Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). The party seeking relief must establish both the absence of an adequate remedy by appeal and the trial court's abuse of discretion. *See* In re Bay Area Citizens

2

Against Lawsuit Abuse, 982 S.W.2d 371, 375 (Tex. 1998); CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996). A court of appeals acts in excess of its writ power when it grants mandamus relief absent these circumstances. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). According to In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998),

> in determining whether mandamus should issue, we cannot plumb the subjective reasoning of the trial court. We must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted "to a clear and prejudicial error of law."

A trial court's ruling on a motion to dismiss a health care liability claim is reviewed for clear abuse of discretion. *See* Bowie Memorial Hospital v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); American Transitional Care v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001). *See also* Kendrick v. Garcia, 171 S.W.3d 698, 702-03 (Tex.App.–Eastland 2005, pet. filed) (utilizing the abuse of discretion standard of *Palacios* to review denial of a motion to dismiss under section 74.351). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S., 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). There is no abuse, however, simply because a trial court may decide a matter within its discretion differently than an appellate court. *Id.* When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for that of the trial court, thus insulating the trial court's decision from appellate second guessing. *Bowie*, 79 S.W.3d at 52.

3

A relator challenging a trial court's ruling as an abuse of discretion labors under a heavy burden. *Johnson*, 700 S.W.2d at 917. The relator must establish that under the circumstances of the case, the facts and law permit the trial court to make but one decision. *Id.* This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving the exercise of discretion. *Id.*

Relying on *Palacios*, Covenant contends that if a trial court determines that an expert report does not meet the requirements of section 74.351(r)(6), it must dismiss the claim against the defendant with prejudice. *Palacios*, however, was decided under former article 4590i, section 13.01,[2] which has been codified at section 74.351 of the Texas Civil Practice and Remedies Code. Among other things, *Palacios* addressed subsections (l) and (r)(6) of former section 13.01, whereas section 74.351(c) provides:

> If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found *deficient*, the court *may* grant one 30-day extension to the claimant in order to cure the deficiency.

(Emphasis added). In its petition for writ of mandamus, Covenant concedes Borchardt's expert reports were "deficient" in two respects.

---

[2] *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985.

In construing the current statute, our objective is to give effect to legislative intent. Continental Cas. Ins. Co. v. Functional Restoration Associates, 19 S.W.3d 393, 398 (Tex. 2000). In our analysis, we consider the plain and ordinary meaning of the statute's words and examine the entire statute, not only the questioned sections. Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005); Fitzgerald v. Advanced Spine Fixation Systems, Inc., 996 S.W.2d 864, 865 (Tex. 1999). Further, it is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose and every word excluded presumed to have been excluded for a purpose. *See* Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995); Walter v. City of Georgetown, 86 S.W.3d 249, 255 (Tex.App.--Austin 2002, pet. denied).

If an expert report has not been timely served, section 74.351(b) provides that upon the health care provider's motion, the trial court shall award attorney fees and costs and dismiss the claim with prejudice.[3] However, the Legislature expressly provided that dismissal of the suit is "subject to Subsection (c)," which authorizes the trial court to grant one 30-day extension to cure a deficient expert report.[4]

---

[3]The term "shall" imposes a duty and is mandatory. Tex. Gov't Code Ann. § 311.016(2). *See also* Harris County Appraisal Dist. v. Consolidated Capital Properties, 795 S.W.2d 39, 41 (Tex.App.--Amarillo 1990, writ denied).

[4]Section 51.014(a)(9) of the Code provides that an interlocutory appeal may not be taken from an order granting an extension of time. Added by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 1.03, 2003 Tex. Gen. Laws 849.

The relief a court grants under subsection (b) is always "subject to Subsection (c)." *See* Academy of Oriental Medicine, L.L.C. v. Andra, 173 S.W.3d 184, 188 (Tex.App.–Austin 2005, no pet.); Natural Gas Pipeline Co. of America v. Law, 65 S.W.3d 121, 126 (Tex.App.--Amarillo 2001, pet. denied) (holding that the words "subject to" mean "subordinate to," "subservient to," or "limited by"). The term "may" as used in subsection (c) vests the trial court with discretion to grant a 30-day extension. *See* Tex. Gov't Code Ann. § 311.016(1). *See also* Hardy v. Marsh, 170 S.W.3d 865, 870-71 (Tex.App.–Texarkana 2005, no pet.) (construing "may" in section 74.351(c) as vesting the trial court with discretion to grant an extension).

Unlike the former statute, the Legislature omitted from subsection (c) terms such as "good cause," "accident," or "mistake" in vesting the trial court with discretion to grant an extension. Thus, Covenant has failed to demonstrate a clear abuse of discretion by the trial court in granting Borchardt a 30-day extension and denying its motion to dismiss.

Additionally, Covenant has not satisfied the second prong for entitlement to mandamus relief by establishing it has no adequate remedy at law. As Borchardt points out, Covenant filed a second motion to dismiss challenging the "cured" expert reports that is still pending in the trial court. Should Covenant obtain a favorable ruling, the case is subject to dismissal with prejudice. We conclude Covenant has not demonstrated entitlement to mandamus relief.

6

We have not overlooked other issues raised by Covenant.  However, we are not authorized to render advisory opinions on issues not necessary to final disposition of this proceeding.  *See* Tex. R. App. P. 47.1; Valley Baptist Medical Center v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000).

Accordingly, the petition for writ of mandamus is denied.


Don H. Reavis
Justice