COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







IN RE: MARIO PADILLA, M.D.,



 Relator.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-06-00239-CV



AN ORIGINAL PROCEEDING

 IN MANDAMUS





OPINION ON PETITION FOR WRIT OF MANDAMUS



 In this original proceeding, Dr. Mario Padilla seeks a writ of mandamus challenging the
denial of his motion to dismiss a medical malpractice proceeding. He further complains that the trial
court erred in granting a 30-day extension of time for Anita Loweree to cure deficiencies in her
expert report. We deny relief. (1)

FACTUAL SUMMARY


 Loweree filed a medical malpractice suit against Paso Del Norte Surgery Center and
Drs. Mario Padilla and Efrain Rivera. She alleged the defendants were negligent in positioning her
body during a surgical procedure which resulted in permanent neurologic damage in her right upper
extremity. Dr. Padilla performed the surgery while Dr. Rivera provided anaesthesia services.

 Loweree timely filed an expert report and curriculum vitae from Dr. John M.H. Allen. 
Dr. Padilla timely objected and challenged the adequacy of the report, contending it was inadequate
because Dr. Allen was not qualified as an expert on the standard of care or causation, and his
assertions regarding the standard of care, breach, and causation were inadequate. Dr. Padilla sought
dismissal of the suit and an award of attorney's fees and costs in accordance with the Texas Medical
Liability Act. Loweree countered that the report was an objective good faith effort to comply with
Section 74.351(l). In the alternative, she sought a 30-day extension of time to cure any deficiencies. 
 The trial court concluded that although the elements of the report were deficient, the report
represented an objective good faith effort to comply with the statutory definition of an expert report. 
The court also granted Loweree's request for a 30-day extension to cure the deficiencies and denied
Dr. Padilla's requests for dismissal, fees, and costs.

AVAILABILITY OF MANDAMUS RELIEF


 Dr. Padilla complains that the trial court abused its discretion in granting Loweree a 30-day
extension to cure her deficient expert report. He contends that he is entitled to mandamus relief
because he does not have an adequate remedy at law via interlocutory appeal since the trial court
granted the extension of time. See Tex.Civ.Prac.&Rem. Code Ann. § 51.014(a)(9)(Vernon Supp. 
2006)

Clear abuse of discretion


 Mandamus will issue only to correct a clear abuse of discretion when there is no other
adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992, orig. proceeding). 
An appellate court rarely interferes with a trial court's exercise of discretion. See Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding). We may not substitute our
judgment for that of the trial court. Walker, 827 S.W.2d at 839-40. The relator must establish that
the trial court could reasonably have reached only one decision. Id. at 840. Even if we would have
decided the issue differently, we cannot disturb the trial court's decision unless it is shown to be
arbitrary and unreasonable. Id. With respect to a trial court's determination of the legal principles
controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in
determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ. Walker, 827 S.W.2d at 840.

No adequate remedy by appeal


 An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as
a normal appeal." Walker, 827 S.W.2d at 840, quoting State v. Walker, 679 S.W.2d 484, 485 (Tex.
1984). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. The writ will issue "only in situations involving manifest and urgent necessity and
not for grievances that may be addressed by other remedies." Walker, 827 S.W.2d at 840, quoting
Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989).

TEXAS MEDICAL LIABILITY ACT 


 A claimant shall, not later than the 120th day after the date the claim was filed, serve on each
party or party's attorney one or more expert reports, with a curriculum vitae of each expert listed in
the report, for each physician or health care provider against whom a liability claim is asserted. See
Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (a)(Vernon 2005). (2) If, as to a defendant physician or
health care provider, an expert report has not been served within the period specified by subsection
(a), the court, on the motion of the affected physician or health care provider, shall, subject to
subsection (c), enter an order that:

 (1) awards to the affected physician or health care provider reasonable attorney's fees
and costs of court incurred by the physician or health care provider; and


 (2) dismiss the claim with respect to the physician or health care provider, with
prejudice to the refiling of the claim.


Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (b)(Vernon Supp. 2006). If an expert report has not been
timely served because elements of the report are deficient, the court may grant one 30-day extension
to the claimant in order to cure the deficiency. Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (c).

 A court shall grant a motion challenging the adequacy of an expert report only if it appears
to the court, after hearing, that the report does not represent an objective good faith effort to comply
with the definition of an expert report in Subsection (r)(6). Tex.Civ.Prac.&Rem.Code Ann.
§ 74.351 (l). An expert report is defined as "a written report by an expert that provides a fair
summary of the expert's opinions as of the date of the report regarding applicable standards of care,
the manner in which the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury, harm, or damages
claimed." Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (r)(6). A defendant may pursue an
interlocutory appeal from an order that denies all or part of the relief sought by a motion under
Section 74.351(b), except that an appeal may not taken from an order granting an extension under
Section 74.351. See Tex.Civ.Prac.&Rem.Code Ann. § 51.014(a)(9).

 Upon finding that the timely served expert report is deficient, the trial court may grant the
claimant one 30-day extension in order to cure the deficiency. See Thoyakulathu v. Brennan, 192
S.W.3d 849, 853 (Tex.App.--Texarkana 2006, no pet.)(subsection (c) extension is available only
when a timely-served report does not meet the statutory definition of expert report because it has one
or more deficiencies in its contents). Although Dr. Padilla contends the expert report contains
wholesale omissions of the required elements, the trial court determined that the report was deficient
and not fatally defective. Whether an expert report is deficient falls squarely within the trial court's
discretion and we may not substitute our judgment or disturb the trial court's ruling absent a showing
that it was arbitrary or unreasonable. Walker, 827 S.W.3d at 839-40. Because Dr. Padilla has not
demonstrated the trial court acted arbitrarily or unreasonably, its decision to grant a 30-day extension
was not a clear abuse of discretion. See In re Covenant Health System, 223 S.W.3d 423, 425
(Tex.App.--Amarillo 2006, no pet. h.)(trial court's granting of 30-day extension was not a clear
abuse of discretion); Watkins v. Jones, 192 S.W.3d 672, 673-75 (Tex.App.--Corpus Christi 2006,
no pet.)(no clear abuse of discretion was shown when the trial court granted claimant 30-day
extension to cure deficiency).

 Nor has Dr. Padilla established he lacks an adequate remedy at law. Once the cured report
is timely served, Dr. Padilla may once again file a motion to dismiss under Section 74.351(b). If the
trial court determines the cured report is no longer deficient, Dr. Padilla may pursue an interlocutory
appeal. If the trial court determines the cured report remains deficient, Loweree's claims would be
subject to dismissal with prejudice. See e.g. Patel v. Harmon, 213 S.W.3d 449, 450 n.1 (Tex.App.--Eastland 2006, no pet.h.); In re Covenant, 223 S.W.3d at 425 (defendant was not entitled to
mandamus relief because he had an adequate remedy at law by filing a second motion to dismiss;
further if the defendant obtains a favorable ruling the case would be subject to dismissal with
prejudice). Because Dr. Padilla has not demonstrated he is entitled to relief, we deny his petition for
writ of mandamus.


August 30, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.), sitting by assignment

1. Dr. Padilla has also filed an interlocutory appeal regarding these same. The interlocutory appeal has
been consolidated with this original proceeding for purposes of briefing and oral argument. In an opinion issued this
same date, we have dismissed Dr. Padilla's interlocutory appeal for lack of jurisdiction. See Padilla, M.D. v. Loweree,
No. 08-06-00191-CV, --- S.W.3d --- (Tex.App.--El Paso Aug. 30, 2007, no pet. h.).
2. Loweree's lawsuit was filed before the effective date of the 2005 amendment to Section 74.351(a). See
Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (Vernon Supp. 2006).