COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


NUMBER 13-07-00674-CV



JOHN D. MCKEEVER, M.D. 

AND CHRISTIAN EHRHARD, Appellants,


v.
 


ADRIAN CERNY, Appellee.

 


On Appeal from the 319th District Court


of Nueces County, Texas.

 


NUMBER 13-07-00734-CV 



IN RE: CHRISTIAN EHRHARD AND JOHN D. MCKEEVER, M.D.

 

On Petition for Writ of Mandamus.

 


OPINION
 

 

Before Chief Justice Valdez and Justices Garza and Benavides


Opinion by Chief Justice Valdez


 Christian Ehrhard, co-appellant/relator, brings a parallel interlocutory appeal and
mandamus proceeding complaining of the trial court's order denying his motion to dismiss
the health care liability claims of Adrian Cerny, appellee/real party in interest. John
McKeever, M.D., co-appellant, also brings an interlocutory appeal based on the same
order. We dismiss the interlocutory appeals for want of jurisdiction and deny the petition
for writ of mandamus.

I. BACKGROUND

 Cerny filed suit against Ehrhard, a physician's assistant, and McKeever, an
orthopedic surgeon, after complications developed following a knee surgery that McKeever
performed on April 6, 2005. In his original petition, Cerny alleges that after his surgery he
experienced pain, swelling, and drainage from his knee. He contacted McKeever's office,
but he was directed to Ehrhard. On April 23rd and April 28th, Cerny was seen by Ehrhard,
who allegedly assured him that everything looked well. After his April 28th office visit with
Ehrhard, Cerny's condition continued to worsen and he was admitted to Christus Memorial
Hospital; McKeever performed a second surgery on April 29th. Cerny filed suit against
Ehrhard and McKeever alleging a health care liability claim under chapter 74 of the Texas
Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-.507
(Vernon 2005 & Supp. 2007). 

 Cerny filed an expert report by Gregory Harvey, M.D. concerning Cerny's condition. 
The report, in relevant part, states:

As you know, the patient initially was taken to surgery on 4-6-05 by Dr. John
McKeever. He had arthroscopy performed to the left knee with a medial
meniscectomy. He evidently was doing well until about 4-23-05 when a dog
fell on his knee. He subsequently had a persistent effusion with fever and
chills. He was subsequently placed on oral antibiotics and then had an
aspiration performed in the office on 4-25-05. Due to persistent problems in
the knee, he underwent open irrigation and debridement on 4-29-05.


* * * *

My main concerns with this case relate to the patient's delay in operative
treatment from 4-23-05 to 4-29-05. Certainly, with the patient's symptoms
of large effusion, pain, and fever, a diagnosis of septic arthritis should be
considered until proven otherwise. The usual course of action is to urgently
take the patient back to the operating room after cessation of antibiotics and
perform an irrigation and debridement of the knee.


The report never named Ehrhard. 

 McKeever and Ehrhard responded to the report by filing a motion to dismiss, citing
the report's alleged inadequacy. The trial court found the report deficient, but denied the
motion to dismiss, and granted a thirty-day extension to cure any defects. Tex. Civ. Prac.
& Rem. Code Ann. 74.351(a),(c) (Vernon Supp. 2007). The instant interlocutory appeals
and original proceeding ensued.

II. NO INTERLOCUTORY JURISDICTION

 Ehrhard asserts interlocutory jurisdiction through section 54.014(a)(9) of the civil
practice and remedies. Id. at § 54.014(a)(9) (Vernon Supp. 2007). That section provides
for interlocutory appeal from an order that "denies all or part of the relief sought by a
motion under Section 34.351(b), except that an appeal may not be taken from an order
granting an extension under Section 74.351." Id. (emphasis added). Ehrhard and
McKeever argue that the expert report tendered by Cerny is so deficient that it does not
constitute an expert report and that the trial court was therefore obligated to dismiss
Cerny's claims without granting an extension. See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b) (Vernon Supp. 2007). 

 To support his argument that the deficiency is severe enough to create interlocutory
jurisdiction, Ehrhard cites Bogar v. Esparza, No. 03-07-00037-CV, 2007 Tex. App. LEXIS
5088, at *10 (Tex. App.-Austin Jun. 28, 2007, no pet.). Bogar was a medical malpractice
case in which the probate court found the plaintiff's expert report sufficient and denied the
defendant's motion to dismiss. Id. at *10. No thirty-day extension was granted, and an
interlocutory appeal was taken from the probate court's final decision regarding the
sufficiency of the expert report. Id. 

 Ehrhard's reliance on Bogar to support interlocutory jurisdiction is misplaced
because in the instant case a thirty-day extension has been granted. The Bogar court
even acknowledges that "'where there is no timely expert report because the report or
reports were found deficient,' an interlocutory appeal would be available 'when the court
had denied a defendant's motion [under section 74.351(b)] but had not granted the plaintiff 
additional time to cure deficiencies.'" Id. at *11-12 (quoting Academy of Oriental Med.,
L.L.C. v. Andra, 173 S.W.3d 184, 184 n.7 (Tex. App.-Austin 2005, no pet.) (emphasis
added). 

 McKeever makes the same jurisdictional argument as Ehrhard--that this court has
interlocutory appellate jurisdiction because the report is so deficient that it constitutes no
report. McKeever's authority in support of his jurisdictional argument is the general
proposition that "an extension under section 74.351(c) is not available if the expert report
is not served by the deadline." See Valley Baptist Med. Ctr. v. Agua, 198 S.W.3d 810, 815
(Tex. App.-Corpus Christi 2006, no pet.). In this case, a timely report was served, but it
was found deficient. 

 As a general rule, only final judgments are appealable. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.012 (Vernon 1997); Stolhandske v. Stern, 14 S.W.3d 810, 813 (Tex.
App.-Houston [1st Dist.] 2000, pet. denied). One exception is an interlocutory order
"[denying] all or part of the relief sought by a motion under [Texas Civil Practice and
Remedies Code] Section 74.351(b), except that an appeal may not be taken from an order
granting an extension under Section 74.351." See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(9). However, this subsection must be strictly construed as a narrow exception
to the general rule that only final judgments are appealable. Thoyakulathu v. Brennan, 192
S.W.3d 849, 851 n.2 (Tex. App.-Texarkana 2006, no pet.). 

 The Texas Supreme Court, in Ogletree v. Matthews, clearly decided the instant
jurisdictional issue against Ehrhard and McKeever's position. See Olgetree v. Matthews,
No. 06-0502, 2007 Tex. LEXIS 1028, at *16 (Tex. Nov. 30, 2007) (providing that "no
interlocutory appeal is permitted when a served expert report is found deficient and an
extension of time granted"); see also Watkins v. Jones, 192 S.W.3d 672, 674 (Tex.
App.-Corpus Christi 2006, orig. proceeding) (concluding that a petition for writ of
mandamus is the appropriate means to address abuses of discretion in the granting thirty-day extension to file a proper expert report).

 While a trial court may deem a report deficient, it retains discretion to grant a thirty-day extension, and the legislature explicitly decided that such orders are not appealable.
Olgetree, 2007 Tex. LEXIS 1028, at *13-14. "Thus, if a deficient report is served and the
trial court grants a thirty-day extension, that decision--even if coupled with a denial of a
motion to dismiss--is not subject to appellate review." Id. at *13. Therefore, because the
trial court's order denied Ehrhard and McKeever's motion to dismiss but also granted Cenry
an extension of time to cure his deficient report, the order is not appealable. Id.
Consequently, we are without jurisdiction on the interlocutory appeals and will review the
trial court's order by mandamus.

III. REVIEW OF MANDAMUS PETITION Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other
adequate remedy at law. Id. In a health care liability claim, the plaintiff must file an expert
report that fulfills certain statutory requirements within 120 days of filing suit. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(a). If the report is inadequate as filed because elements
of the report are found deficient, the trial court may grant one thirty-day extension to the
plaintiff in order to cure the deficiency. Id. at § 74.351(c). 

 In this case, Cerny filed an expert report that the trial court found deficient. Ehrhard
argues that the status of the report was so deficient as to not constitute an expert report
under the statute whatsoever, and thus, the trial court could not have properly granted the
thirty-day extension. 

 We disagree with Ehrhard's argument that the trial court was without discretion to
grant a thirty-day extension because the report was so severely deficient. To the contrary,
the current statute gives a trial court broad discretion to grant an extension. In Re
Covenant Health System, 223 S.W.3d 423, 427 (Tex. App.-Amarillo 2006, orig.
proceeding) (providing that unlike the extension provisions under former health care liability
claims statute, the current statute omits terms such as "good cause," "accident," or
"mistake" in vesting the trial court with discretion to grant an extension). We conclude that
the trial court did not commit a clear abuse of discretion in allowing Cerny's expert report
to be amended in order to cure any deficiency. Given that no clear abuse of discretion is
shown, we may not grant Ehrhard's petition for writ of mandamus. IV. CONCLUSION

 Ehrhard's and McKeever's interlocutory appeals in cause number 13-07-734-CV are
dismissed for want of jurisdiction and the petition for writ of mandamus is denied.


 _______________________

 ROGELIO VALDEZ,

 Chief Justice



Opinion delivered and filed 

this the 27th day of March, 2008.