COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|   |   |   |
|---|---|---|
| | § | |
| | § | No. 08-06-00260-CV |
| IN RE PASO DEL NORTE SURGERY | § | AN ORIGINAL PROCEEDING |
| CENTER, | | |
| | § | IN MANDAMUS |
| Relator. | | |
| | § | |
| | § | |

**O P I N I O N**

In this original proceeding, Relator Paso Del Norte Surgery Center seeks a writ of mandamus to compel the Honorable William E. Moody, Judge of the 34th District Court of El Paso County: (1) to vacate its order denying Relator's motion to dismiss pursuant to Tex.Civ.Prac.&Rem.Code Ann. § 74.351(b) and granting Ms. Loweree a 30-day extension under Tex.Civ.Prac.&Rem.Code Ann. § 74.351(c); and (2) to enter an order dismissing Ms. Loweree's claim pursuant to Section 74.351(b) of the Texas Civil Practice and Remedies Code.[1] We deny mandamus relief.

On March 1, 2005, Ms. Loweree filed suit against Relator Paso Del Norte Surgery Center, Emmanuel Rivera, M.D. and Mario Padillo, M.D. alleging each were negligent in positioning her

---

[1] Paso Del Norte has also filed an accelerated interlocutory appeal of the trial court's denial of his motion to dismiss. That appeal has been consolidated with this mandamus proceeding for purposes of briefing and oral argument only. The interlocutory appeal has been decided with an opinion which issues this same date. *See Paso Del Norte Surgery Center v. Anita Loweree*, No. 08-06-00216-CV, -- S.W.3d -- (Tex.App.--El Paso August 28, 2008, no pet. h.).

body during a gynecological surgery procedure on December 20, 2002, resulting in permanent neurologic damage in her right upper extremity. On March 30, Ms. Loweree filed her first amended petition. On June 17, 2005, Ms. Loweree served an expert report and curriculum vitae of John M. H. Allen, M.B., B.S., J.D., F.R.C.S.

On July 11, 2005, Relator filed its "DEFENDANT, PASO DEL NORTE SURGERY CENTER'S OBJECTION TO THE SUFFICIENCY OF JOHN M. H. ALLEN, M.B., B.S., J.D., F.R.C.S.'S EXPERT REPORT." Relator objected to Dr. Allen's report on the grounds that Dr. Allen did not demonstrate a knowledge of the standard of care and was not qualified as an expert. In addition, Relator argued that Dr. Allen's letter was inadequate because it failed to meet the requirements of an expert report as defined by Section 74.351(r)(6). Subsequently, on May 11, 2006, Relator filed its "DEFENDANT, PASO DEL NORTE SURGERY CENTER'S MOTION TO DISMISS." In its motion, Relator argued that Dr. Allen was not qualified to render an opinion on the standard of care or causation. In addition, Relator argued that Dr. Allen's discussion of the standard of care and breach was inadequate. Relator sought dismissal with prejudice under Section 74.351(b).[2]

Ms. Loweree responded to Relator's motion, asserting that Dr. Allen's report was an objective good faith effort under Section 74.351(*l*) and in the alternative, she requested a 30-day

---

[2] It appears that Relator moved to dismiss pursuant to Section 74.351(b). The record to petition for writ of mandamus omitted the final page of Relator's motion to dismiss and nowhere in the remaining pages of the motion did Relator cite Section 74.351(b). However, in the order attached to the motion to dismiss, Relator sought dismissal with prejudice and attorney's fees and costs. In addition, the trial court's order stated: "On July 6, 2006 came to be considered Defendant Paso Del Norte Surgery Center's Motion to Challenge the Adequacy of Plaintiff's Expert Report, requesting a dismissal of the case and for an award of attorney's fees and costs pursuant to Section 74.351(b) . . . ." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.351 (Vernon Supp. 2008).

extension to cure any deficiencies. On June 17, 2006, the trial court entered an order denying Appellant's motion to dismiss under Section 74.351(b). In the order, the trial court also found that the expert report was an objective good faith effort, but that it had deficiencies as to Paso Del Norte Surgery Center and granted Ms. Loweree the 30-day extension to cure any deficiencies in her expert report. Relator now brings this original proceeding in mandamus.

## DISCUSSION

Mandamus is an extraordinary remedy available only in limited circumstances where the trial court violates a duty imposed by law or clearly abuses its discretion and when there is no other adequate remedy of law. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)(orig. proceeding). With respect to resolution of factual issues or matters within the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839-40. The relator must show that the trial court could reasonably have reached only one decision. *Id*. at 840. We will not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id*. With respect to the resolution of legal issues, our review is much less deferential. *Id*. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id*. at 840.

Relator contends the trial court had no discretion to grant a 30-day extension to cure any deficiencies. We disagree. Under Section 74.351(c), the trial court may grant a 30-day extension to the claimant to cure any deficiency in a timely-served expert report. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 74.351(c)(Vernon Supp. 2008); *see also Thoyakulathu v. Brennan*, 192 S.W.3d 849, 853 (Tex.App.--Texarkana 2006, no pet.). The term "may" as used in subsection (c)

vests the trial court with discretion to grant a 30-day extension. *See In re Covenant Health System*, 223 S.W.3d 423, 426 (Tex.App.--Amarillo 2006, orig. proceeding); *see also* TEX.GOV'T CODE ANN. § 311.016(1)(Vernon 2005)("may" creates discretionary authority or grants permission or a power); *Hardy v. Marsh*, 170 S.W.3d 865, 870-71 (Tex.App.--Texarkana 2005, no pet.)(use of the word "may" in a statute shows that the provision is discretionary and not mandatory).

Relator has failed to demonstrate a clear abuse of discretion by the trial court in granting Ms. Loweree a 30-day extension pursuant Section 74.351(c) based on the reasons it has asserted in its petition for mandamus relief. Further, it appears that Relator has an adequate remedy at law. Specifically, after the trial court grants the 30-day extension to cure any deficiencies, Relator can then challenge the cured report. *In re Covenant Health System*, 223 S.W.3d at 426-27.

Relator has not shown it is entitled to mandamus relief; therefore, the petition is denied.


August 28, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)