COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS









IN RE PASO DEL NORTE SURGERY
CENTER,


 Relator.

§


 


§


 


§


 


§


 


§


 


 § 



No. 08-06-00260-CV



AN ORIGINAL PROCEEDING 


IN MANDAMUS


O P I N I O N


 In this original proceeding, Relator Paso Del Norte Surgery Center seeks a writ of
mandamus to compel the Honorable William E. Moody, Judge of the 34th District Court of
El Paso County: (1) to vacate its order denying Relator's motion to dismiss pursuant to
Tex.Civ.Prac.&Rem.Code Ann. § 74.351(b) and granting Ms. Loweree a 30-day extension
under Tex.Civ.Prac.&Rem.Code Ann. § 74.351(c); and (2) to enter an order dismissing
Ms. Loweree's claim pursuant to Section 74.351(b) of the Texas Civil Practice and Remedies
Code. (1) We deny mandamus relief.

 On March 1, 2005, Ms. Loweree filed suit against Relator Paso Del Norte Surgery Center,
Emmanuel Rivera, M.D. and Mario Padillo, M.D. alleging each were negligent in positioning her
body during a gynecological surgery procedure on December 20, 2002, resulting in permanent
neurologic damage in her right upper extremity. On March 30, Ms. Loweree filed her first
amended petition. On June 17, 2005, Ms. Loweree served an expert report and curriculum vitae
of John M. H. Allen, M.B., B.S., J.D., F.R.C.S.

 On July 11, 2005, Relator filed its "DEFENDANT, PASO DEL NORTE SURGERY
CENTER'S OBJECTION TO THE SUFFICIENCY OF JOHN M. H. ALLEN, M.B., B.S., J.D.,
F.R.C.S.'S EXPERT REPORT." Relator objected to Dr. Allen's report on the grounds that
Dr. Allen did not demonstrate a knowledge of the standard of care and was not qualified as an
expert. In addition, Relator argued that Dr. Allen's letter was inadequate because it failed to
meet the requirements of an expert report as defined by Section 74.351(r)(6). Subsequently, on
May 11, 2006, Relator filed its "DEFENDANT, PASO DEL NORTE SURGERY CENTER'S
MOTION TO DISMISS." In its motion, Relator argued that Dr. Allen was not qualified to
render an opinion on the standard of care or causation. In addition, Relator argued that
Dr. Allen's discussion of the standard of care and breach was inadequate. Relator sought
dismissal with prejudice under Section 74.351(b). (2)

 Ms. Loweree responded to Relator's motion, asserting that Dr. Allen's report was an
objective good faith effort under Section 74.351(l) and in the alternative, she requested a 30-day
extension to cure any deficiencies. On June 17, 2006, the trial court entered an order denying
Appellant's motion to dismiss under Section 74.351(b). In the order, the trial court also found
that the expert report was an objective good faith effort, but that it had deficiencies as to Paso
Del Norte Surgery Center and granted Ms. Loweree the 30-day extension to cure any deficiencies
in her expert report. Relator now brings this original proceeding in mandamus.

DISCUSSION Mandamus is an extraordinary remedy available only in limited circumstances where the
trial court violates a duty imposed by law or clearly abuses its discretion and when there is no
other adequate remedy of law. CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996); Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992)(orig. proceeding). With respect to resolution of
factual issues or matters within the trial court's discretion, we may not substitute our judgment
for that of the trial court. Walker, 827 S.W.2d at 839-40. The relator must show that the trial
court could reasonably have reached only one decision. Id. at 840. We will not disturb the trial
court's decision unless it is shown to be arbitrary and unreasonable. Id. With respect to the
resolution of legal issues, our review is much less deferential. Id. A trial court has no discretion
in determining what the law is or in applying the law to the facts. Id. Thus, a clear failure by the
trial court to analyze or apply the law correctly will constitute an abuse of discretion. Id. at 840.

 Relator contends the trial court had no discretion to grant a 30-day extension to cure any
deficiencies. We disagree. Under Section 74.351(c), the trial court may grant a 30-day extension
to the claimant to cure any deficiency in a timely-served expert report. See Tex.Civ.Prac.&
Rem.Code Ann. § 74.351(c)(Vernon Supp. 2008); see also Thoyakulathu v. Brennan, 192
S.W.3d 849, 853 (Tex.App.--Texarkana 2006, no pet.). The term "may" as used in subsection (c)
vests the trial court with discretion to grant a 30-day extension. See In re Covenant Health
System, 223 S.W.3d 423, 426 (Tex.App.--Amarillo 2006, orig. proceeding); see also Tex.Gov't
Code Ann. § 311.016(1)(Vernon 2005)("may" creates discretionary authority or grants
permission or a power); Hardy v. Marsh, 170 S.W.3d 865, 870-71 (Tex.App.--Texarkana 2005,
no pet.)(use of the word "may" in a statute shows that the provision is discretionary and not
mandatory). 

 Relator has failed to demonstrate a clear abuse of discretion by the trial court in granting
Ms. Loweree a 30-day extension pursuant Section 74.351(c) based on the reasons it has asserted
in its petition for mandamus relief. Further, it appears that Relator has an adequate remedy at
law. Specifically, after the trial court grants the 30-day extension to cure any deficiencies,
Relator can then challenge the cured report. In re Covenant Health System, 223 S.W.3d at 426-27.

 Relator has not shown it is entitled to mandamus relief; therefore, the petition is denied.



August 28, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.)(Sitting by Assignment)
1. Paso Del Norte has also filed an accelerated interlocutory appeal of the trial court's
denial of his motion to dismiss. That appeal has been consolidated with this mandamus
proceeding for purposes of briefing and oral argument only. The interlocutory appeal has been
decided with an opinion which issues this same date. See Paso Del Norte Surgery Center v.
Anita Loweree, No. 08-06-00216-CV, -- S.W.3d -- (Tex.App.--El Paso August 28, 2008, no pet.
h.).
2. It appears that Relator moved to dismiss pursuant to Section 74.351(b). The record to
petition for writ of mandamus omitted the final page of Relator's motion to dismiss and nowhere
in the remaining pages of the motion did Relator cite Section 74.351(b). However, in the order
attached to the motion to dismiss, Relator sought dismissal with prejudice and attorney's fees and
costs. In addition, the trial court's order stated: "On July 6, 2006 came to be considered
Defendant Paso Del Norte Surgery Center's Motion to Challenge the Adequacy of Plaintiff's
Expert Report, requesting a dismissal of the case and for an award of attorney's fees and costs
pursuant to Section 74.351(b) . . . ." See Tex.Civ.Prac.&Rem.Code Ann. § 74.351 (Vernon
Supp. 2008).