COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| | § | |
| IN RE EFRAIN RIVERA, M.D., | § | No. 08-06-00184-CV |
| | | AN ORIGINAL PROCEEDING |
| Relator. | § | |
| | | IN MANDAMUS |
| | § | |
| | § | |

**O P I N I O N**

In this original proceeding, Relator Efrain Rivera, M.D. ("Dr. Rivera") seeks a writ of mandamus from the trial court's order denying his motion to dismiss pursuant to TEX.CIV.PRAC. &REM.CODE ANN. § 74.351(b) and from the trial court's order granting Real Party in Interest Anita Loweree ("Ms. Loweree") a 30-day extension under TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(c).[1]  For the reasons stated below, we will grant mandamus relief.

**BACKGROUND**

On March 1, 2005, Ms. Loweree filed suit against Paso Del Norte Surgery Center, Emmanuel Rivera, M.D., and Mario Padillo, M.D. alleging the defendants were negligent in their

---

[1] Dr. Rivera has also filed an accelerated interlocutory appeal of the trial court's denial of his motion to dismiss.  That appeal has been consolidated with this mandamus proceeding for purposes of briefing and oral argument only.  The interlocutory appeal has been decided with an opinion which issues this same date. *See Efrain Rivera, M.D. v. Anita Loweree*, No. 08-06-00185-CV, -- S.W.3d -- (Tex.App.--El Paso August 28, 2008, no pet. h.).

positioning of her body during a gynecological surgery procedure on December 20, 2002, which resulted in permanent neurologic damage in her right upper extremity. On March 30, Ms. Loweree filed her first amended petition, naming Efrain Rivera, M.D., not Emmanuel Rivera, M.D., as a defendant. She alleged that Dr. Efrain Rivera is a duly licensed physician who practices medicine generally and particularly in his specialty of anesthesiology and that Dr. Rivera provided anesthesia services for the December 20 surgical procedure.

On June 16, 2005, Ms. Loweree served an expert report and curriculum vitae of John M. H. Allen, M.B., B.S., J.D., F.R.C.S. On August 24, 2005, Dr. Rivera filed his "Motion to Dismiss Defendant Efrain Rivera, MD Pursuant to Civ.Prac.&Rem.Code Sec. 74.351." In his motion, Dr. Rivera argued that Dr. Allen's report did not name him nor did it implicate his conduct, thus, Ms. Loweree did not serve him with a Section 74.351 expert report within 120 days of filing her claim. Dr. Rivera sought dismissal with prejudice under Section 74.351(b). Dr. Rivera also sought dismissal on the ground that Dr. Allen's report was inadequate because it failed to meet the requirements of an expert report as defined by Section 74.351(r)(6) and did not represent an objective good faith effort to comply with the statute.

Ms. Loweree responded to Dr. Rivera's motion, asserting that Dr. Rivera had waived all objections to the expert report by failing to file and serve any objections to the sufficiency of the report not later than the 21st day after the date it was served. Ms. Loweree argued that Dr. Allen's report clearly implicated the care of the anesthesiologist and that the alleged deficiencies raised by Dr. Rivera in his motion, such as failing to mention Dr. Rivera by name, were deficiencies to be considered only if objections to the report were timely filed. Ms. Loweree also asserted that Dr. Allen's report was an objective good faith effort under

Section 74.351(*l*), and in the alternative, she requested a 30-day extension to cure any deficiencies. The trial court heard Dr. Rivera's motion on September 23, 2005 and took it under advisement. Dr. Rivera filed a supplemental brief on December 27.

On June 14, 2006, the trial court entered an order denying Dr. Rivera's motion to dismiss under Section 74.351(b). That same day, the trial court entered a separate order granting Ms. Loweree's request for a 30-day extension under Section 74.351(c). In that second order, the trial court found that Ms. Loweree's expert report was timely filed as to Dr. Rivera. The trial court also found that the expert report was an objective good faith effort, but that it had deficiencies as to Dr. Rivera. Consequently, the trial court granted Ms. Loweree the 30-day extension to cure any deficiencies in her expert report. Dr. Rivera now brings this original proceeding in mandamus.

## DISCUSSION

Mandamus is an extraordinary remedy available only in limited circumstances where the trial court violates a duty imposed by law or clearly abuses its discretion and when there is no other adequate remedy of law. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)(orig. proceeding). With respect to resolution of factual issues or matters within the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839-40. The relator must show that the trial court could reasonably have reached only one decision. *Id*. at 840. We will not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 840. With respect to the resolution of legal issues, our review is much less deferential. *Id*. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*.

Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

*Clear Abuse of Discretion*

In Issues Four through Eight, Dr. Rivera contends the trial court abused its discretion by granting Ms. Loweree a 30-day extension under TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(c) because: (1) Ms. Loweree did not serve a Section 74.351 expert report and curriculum vitae upon him or his attorney within 120 days of filing her claim which implicated his conduct; (2) the only report served within the 120-day deadline was Dr. Allen's report, which did not implicate his conduct; and (3) Dr. Allen's report, within its four corners, did not name him, did not implicate his conduct, did not state the applicable standard of care as to his actions or inactions, did not allege that he breached a standard of care, and did not allege that his actions or inactions caused any harm, injury, or damage to Ms. Loweree. Dr. Rivera also argues the trial court abused its discretion in finding that Dr. Allen's report was an objective good faith effort as to him and in finding that Dr. Allen's report was "timely filed as to Defendant Rivera." We must agree with Relator that the trial court abused its discretion in granting the 30-day extension for the reasons stated herein.

Interpreting the statute according to its plain meaning, Section 51.014(a)(9) expressly provides a right to appeal an interlocutory order that denies a motion to dismiss brought under Section 74.351(b). TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(9)(Vernon 2008). However, a Section 74.351(b) motion for dismissal with prejudice is subject to the applicability of Subsection (c). TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(b)(Vernon Supp. 2008). Under Section 74.351(c), the trial court may grant one 30-day extension to the claimant to cure any

deficiency in a timely-served expert report. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(c); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 853 (Tex.App.--Texarkana 2006, no pet.)(Subsection (c) extension is available only when timely-served expert report is found deficient, not when the report is not served by the deadline). Section 51.014 (9) of the Texas Civil Practice and Remedies Code expressly prohibits a party from appealing "an order granting an extension under Section 74.351." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(9).

Thus, the question is: whether "an order granting an extension under Section 74.351" includes a trial court order which denies a motion to dismiss an expert report when the defendant fails to timely object as required by Section 74.351(a). We conclude that it does not. An extension under Section 74.351 is only allowed in two circumstances: (1) by written agreement of the affected parties; or (2) by the trial court when elements of the report are found deficient. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a) & (c). However, deficiencies in a report can only be raised when a defendant physician or health care provider whose conduct is implicated files and serves objections not later than the 21st day after service. *See* TEX.CIV.PRAC.&REM. CODE ANN. § 74.351(a). If the defendant fails to object, then all objections are waived. *Id*.

Accordingly, Section 74.351 gives the trial court no discretion to *sua sponte* determine that a report is deficient and then grant a 30-day extension to cure. Since the defendant waived his objections to the deficiencies in the report, the trial court was not authorized to grant an order to cure the report's deficiencies. Thus, when the trial court granted a 30-day extension after *untimely* objections were filed by the defendant, the court's order was not a proper order

"granting an extension under Section 74.351."[2]  Because Section 74.351(c) does not allow the trial court to grant a 30-day extension to cure deficiencies when a defendant fails to timely object, we find a clear abuse of discretion by the trial court in granting Ms. Loweree a 30-day extension pursuant to Section 74.351(c).

*Adequate Remedy At Law*

Next, Relator does not have an adequate remedy at law.  This Court has jurisdiction through interlocutory appeal regarding matters concerning medical malpractice expert reports in two ways:  First, this Court has jurisdiction if the trial court denies all or part of the relief sought by a motion under Section 74.351(b); and secondly, we have jurisdiction when the trial court grants relief sought by motion under Section 74.351(*l*).  TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(9) & (10).  Based on the particular facts of this case, this Court lacks jurisdiction to review the trial court's erroneous granting of a 30-day extension, therefore, Relator does not have an adequate remedy at law.

The facts of this case entitle Relator to mandamus relief because, as previously articulated, the trial court did not have the authority to issue its separate order granting a 30-day extension.  However, we note, this Court is not stating that all orders issued by the trial court which grant a 30-day extension are reviewable through mandamus.  *See In re Padilla*, 242 S.W.3d 549, 552 (Tex.App.--El Paso 2007, orig. proceeding)(Relator has adequate remedy at law of seeking dismissal with prejudice following the trial court's award of 30-day extension); *In re Paso Del Norte Surgery Center*, --- S.W.3d ----, No. 08-06-00260-CV (Tex.App.--El Paso,

---

[2] Under these circumstances, since the trial court's order granting a 30-day extension after an *untimely* objection is an impermissible "order granting an extension under 74.351," Section 51.014(a)(9) would not exclude an interlocutory appeal.

August 28, 2008, orig. proceeding)(Relator failed to show clear abuse of discretion in trial court's award in granting 30-day extension and Relator had an adequate remedy at law). Rather, we are merely stating that based on the particular facts of this case, *i.e.* clear abuse of discretion by the trial court for authorizing a 30-day extension to cure deficiencies in the expert report when defendant waived objections to sufficiency of the expert report, the Relator is entitled to mandamus relief.

The trial court clearly abused its discretion in granting a 30-day extension to cure deficiencies in plaintiff's expert report, since the defendant has waived all objections to the sufficiency of the report. Further, defendant does not have an adequate remedy at law. Therefore, we grant Relator's request for mandamus relief and enter judgment vacating the trial court's order that granted plaintiff's a 30-day extension to cure the deficiencies in the report.

August 28, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)