COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PASO DEL NORTE SURGERY CENTER, | § | No. 08-06-00216-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 34th Judicial District Court |
| | § | of El Paso County, Texas |
| ANITA LOWEREE, | § | (TC# 2005-1403) |
| Appellee. | § | |

**O P I N I O N**

Appellant Paso Del Norte Surgery Center appeals from the trial court's denial of its

motion to dismiss the health care liability suit brought by Appellee Anita Loweree.[1]  Appellant

argues the trial court abused its discretion in denying the motion because Ms. Loweree's expert

was not qualified to render an expert opinion and the report was not a good-faith effort to comply

with Chapter 74 of the Texas Civil Practice & Remedies Code.  We dismiss for want of

jurisdiction.

**BACKGROUND**

On March 1, 2005, Ms. Loweree filed suit against Paso Del Norte Surgery Center,

Emmanuel Rivera, M.D., and Mario Padillo, M.D. alleging each were negligent in positioning

---

[1] Paso Del Norte Surgery Center has also filed an original petition for mandamus relief
with respect to the trial court's denial of his motion to dismiss and grant of one 30-day extension
to Ms. Loweree to cure any deficiencies in her expert report.  That original proceeding has been
consolidated with this appeal for purposes of briefing and oral argument.  In an opinion issued
this same date, the Court has denied relief in the mandamus proceeding.  *See In re Paso Del
Norte Surgery Center*, No. 08-06-001260-CV, -- S.W.3d-- (Tex.App.--El Paso August 28, 2008,
orig. proceeding).

her body during a gynecological surgery procedure on December 20, 2002, resulting in permanent neurologic damage in her right upper extremity. On March 30, Ms. Loweree filed her first amended petition. On June 17, 2005, Ms. Loweree served an expert report and curriculum vitae of John M. H. Allen, M.B., B.S., J.D., F.R.C.S.

On July 11, 2005, Appellant filed its "DEFENDANT, PASO DEL NORTE SURGERY CENTER'S OBJECTION TO THE SUFFICIENCY OF JOHN M. H. ALLEN, M.B., B.S., J.D., F.R.C.S.'S EXPERT REPORT." Appellant objected to Dr. Allen's report on the grounds that Dr. Allen did not demonstrate a knowledge of the standard of care and was not qualified as an expert. In addition, Appellant argued that Dr. Allen's letter was inadequate because it failed to meet the requirements of an expert report as defined by Section 74.351(r)(6). Subsequently, on May 11, 2006, Appellant filed its "DEFENDANT, PASO DEL NORTE SURGERY CENTER'S MOTION TO DISMISS." In its motion, Appellant argued that Dr. Allen was not qualified to render an opinion on the standard of care or causation, and further, that his discussion of the standard of care and breach was inadequate. Appellant sought dismissal with prejudice under Section 74.351(b).[2]

Ms. Loweree responded to Appellant's motion, asserting that Dr. Allen's report was an objective good faith effort under Section 74.351(*l*) and in the alternative, she requested a 30-day

---

[2] It appears that Appellant moved to dismiss pursuant to Section 74.351(b). The clerk's record omitted the final page of Appellant's motion to dismiss and nowhere in the remaining pages of the motion did Appellant cite Section 74.351(b). However, in the order attached to the motion to dismiss, Appellant sought dismissal with prejudice and attorney's fees and costs. In addition, the trial court's order stated: "On July 6, 2006 came to be considered Defendant Paso Del Norte Surgery Center's Motion to Challenge the Adequacy of Plaintiff's Expert Report, requesting a dismissal of the case and for an award of attorney's fees and costs pursuant to Section 74.351(b) . . . ." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.351 (Vernon 2008).

extension to cure any deficiencies. On June 17, 2006, the trial court entered an order denying Appellant's motion to dismiss under Section 74.351(b). In the order, the trial court also found that the expert report was an objective good faith effort, but that it had deficiencies as to Paso Del Norte Surgery Center and granted Ms. Loweree a 30-day extension to cure any deficiencies in her expert report.

Appellant filed this accelerated interlocutory appeal, asserting that the trial court abused its discretion in denying its motion to dismiss.

## JURISDICTION

Appellee argues this Court is without jurisdiction to consider an appeal from an order of the trial court which also grants a 30-day extension to cure any deficiencies. We agree. We have only recently determined that if a defendant objects to a timely filed expert report within the period specified by Section 74.351(a) and the trial court denies its later motion to dismiss but grants a 30-day extension to cure, there is no right to an interlocutory appeal. *See Padilla v. Loweree*, 242 S.W.3d 544 (Tex.App.--El Paso 2007, no pet.); *see also* TEX.CIV.PRAC.& REM.CODE ANN. § 74.351(c)(Vernon Supp. 2008).

Accordingly, we must dismiss this appeal for want of jurisdiction.

August 28, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)